IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| CEDAR RAPIDS LODGE & SUITES, LLC, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> JFS DEVELOPMENT, INC. (f/k/a JCS DEVELOPMENT INC.), *et al.*, <br><br> Defendants. | No. C09-0175 <br><br> ORDER REGARDING HEARING |

This matter comes before the Court on the Motion for Confirmation of Non-Evidentiary Nature of February 4, 2010 Hearing (docket number 23) filed by the Plaintiffs on January 28, 2010; the Response (docket number 24) filed by Defendants Vosburg and Gabrielson on January 29, 2010; and the Response (docket number 25) filed by Defendants Seibert and JFS Development, Inc. on the same date.

On December 3, 2009, Plaintiffs filed an 87-page Verified Complaint (docket number 1) seeking damages and equitable relief. At Defendants' request, the deadline for filing an answer or other responsive pleading was extended to February 9, 2010.

On January 20, 2010, Plaintiffs filed an Expedited Petition to Attach With Notice (docket number 13). Plaintiffs ask that a writ of attachment issue against numerous properties in which Defendants apparently have an interest, including 16 hotels, 5 restaurants, 25 other pieces of real property, and a bowling alley. Plaintiffs also seek to attach various vehicles, contracts, and bank accounts. The petition for attachment is set for hearing on February 4, 2010.

On January 28, 2010, Plaintiffs filed the instant motion, asking that the Court "confirm" that the hearing on February 4, 2010 will be non-evidentiary. In their response, Defendants Vosburg and Gabrielson do not object to Plaintiffs' request that the hearing be

non-evidentiary, but argue that in the absence of any evidence, Plaintiffs' attachment petition must be summarily dismissed. In their response, Defendants Seibert and JFS Development "emphatically disagree" that attachment may issue "without a further specific factual showing."

A plaintiff in a civil action may seek prejudgment attachment of a defendant's property "by pursuing the course" prescribed in Iowa Code Chapter 639. *See* Iowa Code § 639.1. The plaintiff may file a separate petition for attachment, which is "independent of the ordinary proceedings and only auxiliary thereto." *See* § 639.2. The petition for attachment "must in all cases be sworn to." *See* § 639.3. It must state one or more of the 15 enumerated grounds set forth in section 639.3.

If the plaintiff's demand is not founded on contract, then the original petition must be presented to a judge "who shall make an allowance thereon of the amount in value of the property that may be attached." *See* § 639.8. Before a writ of attachment may issue, the plaintiff "must file with the clerk a bond for the use of the defendant, with sureties to be approved by such clerk, in a penalty at least double the value of the property sought to be attached . . . conditioned that the plaintiff will pay all damages which the defendant may sustain by reason of the wrongful suing out of the attachment." *See* § 639.11. A plaintiff may recover in an action on the bond "if the plaintiff shows that the attachment was wrongfully sued out, and that there was no reasonable cause to believe the ground upon which the same was issued to be true." *See* § 639.14.

In *Farmers National Bank v. Manke*, 500 N.W.2d 19 (Iowa 1993), the plaintiff sought and obtained attachment, as an auxiliary remedy, to its action on a promissory note. The defendant filed a motion to discharge the attachment and an evidentiary hearing was held before the district court. The defendant contended that his proposed sale of real estate and disposition of the proceeds was not unlawful, and he asked that the writ of attachment be discharged. The district court agreed, concluding "that no legal basis existed for

continuing the attachment." *Id.* at 19. Accordingly, the district court entered an order discharging the attachment.

On appeal, the Iowa Supreme Court reversed, finding that "the general and better opinion now is that such issues can be made only in an action on the attachment bond." *Id.* at 20 (quoting *Sturman v. Stone*, 31 Iowa 115, 118 (1871)). In a 5-4 decision, the Court held that "[t]he proper method for [the defendant] to have traversed the factual allegations in support of the attachment was by an action on the bond under section 639.14." *Id.*[1]

Here, Defendants argue that *Farmers National Bank* is procedurally distinguishable from the instant action. In *Farmers National Bank*, an attachment was ordered and the defendant then filed a motion to discharge the attachment, challenging the truth of the allegations contained in the plaintiff's petition. In reversing the district court, the Iowa Supreme Court found that the factual allegations in support of the attachment could be "traversed" only by an action on the bond. As Defendants in the instant action note, however, a writ of attachment has yet to issue here. Defendants challenge the factual allegations contained in Plaintiffs' attachment petition, and argue that an evidentiary hearing is required.

While this case is on a somewhat different procedural footing than that found in *Farmers National Bank*, the Court believes that the underlying principle remains the same. That is, attachment pursuant to Iowa Code Chapter 639 is intended to be a summary proceeding. If Plaintiffs' sworn allegations in support of their petition for attachment generate a genuine issue of material fact regarding whether one of the grounds set forth in section 639.3 exists, then an attachment will issue (with an appropriate bond). That is, the Court will not test the truth of Plaintiffs' allegations in support of the attachment. If

---

[1] The dissent agreed that "the summary judgment procedure is proper to decide legal issues," but concluded that there was no genuine issue of material fact regarding the defendant's proposed disposition from the sale of assets and, therefore, the attachment was improper. *Farmers National Bank*, 500 N.W.2d at 21 (Snell, J. dissenting).

3

the statements are not true, and if Plaintiffs had no reasonable grounds to believe otherwise, then Defendants may recover for wrongful attachment. *See* Iowa Code §§ 639.14-.15. *See also Rockport Co. v. Wedgewood, Inc.*, 447 N.W.2d 126, 128 (Iowa 1989).

The Court makes no judgment at this time regarding whether Plaintiffs' sworn allegations meet the legal standard for prejudgment attachment. That will be determined following hearing. If a writ of attachment issues, the Court must determine "the amount in value of the property that may be attached." *See* § 639.8. "If more property is attached in the aggregate than the plaintiff is entitled to, the surplus must be abandoned, and the plaintiff pay all costs incurred in relation to such surplus." § 639.18.

## ORDER

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Confirmation (docket number 23) is hereby **GRANTED** as follows: Plaintiffs' Petition to Attach will be determined based on the sworn petition and supporting affidavits. The Court will not test the truth of Plaintiffs' allegations in support of the requested attachment. If the statements are not true, then Defendants' remedy is through an action on the bond, pursuant to Iowa Code sections 639.14-.15.

DATED this 1st day of February, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA