IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| **CEDAR RAPIDS LODGE & SUITES, LLC,** *et al.*, | |
| Plaintiffs, | No. C09-0175 |
| vs. | ORDER REGARDING CLAIM OF PRIVILEGE |
| **JFS DEVELOPMENT, INC.** (f/k/a **JCS DEVELOPMENT INC.**), *et al.*, | |
| Defendants. | |

This matter comes before the Court on the Motion for *In Camera* Review of Documents to Determine Existence of a Privilege (docket number 61) filed by the Plaintiffs on June 18, 2010, the Resistance (docket number 73) filed by Defendants John F. Seibert and JFS Development, Inc. (collectively "JFS") on July 6, 2010, and the Reply (docket number 74) filed by the Plaintiffs on July 15, 2010. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. RELEVANT FACTS AND PROCEEDINGS

On December 3, 2009, Plaintiffs initiated the instant action seeking judgment against Defendants on numerous theories. In brief, Plaintiffs claim that a plan to develop an AmericInn hotel in Cedar Rapids has not been profitable due to Defendants' fraud, self-dealing, and mismanagement. Trial is scheduled before Chief Judge Linda R. Reade on August 22, 2011. Discovery is ongoing, with a discovery deadline of March 1, 2011.

On or about May 6, 2010, Plaintiffs' counsel received a CD containing JFS's initial disclosures. Two sets of copies were made of the documents. Before the documents were reviewed by Plaintiffs' counsel, however, JFS's attorney sent a letter to Plaintiffs' attorney

1

indicating that the documents identified as "Seibert 2736-2738" were "highly confidential and not discoverable." JFS's counsel asked that the original CD be returned, together with any copies made of Seibert 2736-2738. Plaintiffs' attorney immediately took steps to sequester the disputed document, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 26(b)(5)(B).

In their instant motion, Plaintiffs guess that the document is a financial statement prepared by Seibert. In its resistance, JFS confirms that Seibert 2736-2738 "is a personal financial affidavit of John Seibert." In fact, JFS acknowledges in its brief that Seibert 2736-2738 is "substantially similar" to the financial statement obtained by Plaintiffs from Liberty Bank.[1] According to JFS's brief, "[t]he same figures are included on pages 2 and 3, while page 1 was separately signed and dated."[2]

## II. DISCUSSION

At the outset, the Court notes that it has some difficulty determining why it is necessary to litigate the production of a document which JFS concedes is "nearly identical" to a document already in Plaintiffs' possession. Nonetheless, the Court will briefly address the legal issues involved.

Plaintiffs ask that the Court review the financial statement *in camera*, and make a finding that it is not protected by the attorney-client privilege or as work product. In its brief, JFS asserts that Seibert's financial statement "was created at the behest of his attorney for purposes of this lawsuit, and is protected under both attorney-client privilege and work product protection."[3] JFS also argues that Plaintiffs are not entitled to an *in camera* review of the document.

---

[1] *See* Exhibit 11 (docket number 61-12) attached to Plaintiffs' Memorandum of Law in Support of Motion for *In Camera* Review.

[2] *See* JFS's Brief in Support of Its Resistance (docket number 73-1) at 7.

[3] *See* JFS's Brief in Support of Its Resistance (docket number 73-1) at 2.

2

The Court has reviewed *in camera* the document described as Seibert 2736-2738. It is a three-page personal financial statement signed by John F. Seibert and is identical to Exhibit 11 – which is already in Plaintiffs' possession – with one exception: Exhibit 11 is dated "Feb 1, 2010," while Seibert 2736-2738 is dated "2/1/10."

Confidential communications made by a client to its attorney for the purpose of seeking legal advice is protected by the attorney-client privilege. *Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1978). JFS has the burden of establishing its right to invoke the protection of the attorney-client privilege. *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985).

In an effort to meet its burden of proof, JFS submits an Affidavit of John F. Seibert (docket number 73-2), asserting that "I prepared the Financial Statement pursuant to the request of my attorney, Brad Brady, and for the sole purpose of providing Mr. Brady with the information contained therein so he could better advise and represent me in the above-captioned litigation." In his affidavit, Seibert asserts that "Mr. Brady is the only person who ever received the Financial Statement." In the next paragraph of his affidavit, however, Seibert acknowledges that Liberty Bank was provided with "a similar document, which included the same figures but a different cover page separately signed by me." Furthermore, Seibert acknowledges that additional copies of the personal financial statement may have been provided "to a handful of other financial institutions."

JFS's claim that the financial affidavit "was created at the behest of [Seibert's] attorney for purposes of this lawsuit," is belied by the fact that Seibert has previously prepared financial statements using the identical form and format. *See, e.g.*, Exhibit 7 (docket number 61-8) attached to Plaintiffs' memorandum of law in support of motion for *in camera* review. Apparently, Seibert regularly prepared personal financial statements of the type represented by Seibert 2736-2738, for production to financial institutions. Accordingly, JFS has failed to establish that Seibert 2736-2738 was a confidential communication with its attorney for the purpose of seeking legal advice. *Diversified*

3

*Industries, Inc.*, 572 F.2d at 602. Even *if* the attorney-client privilege would otherwise attach to the financial statement identified as Seibert 2736-2738, the Court concludes that Seibert waived the privilege by producing the document to Liberty Bank and "possibly" a handful of other financial institutions. *In re Grand Jury Proceedings*, 841 F.2d 230, 234 (8th Cir. 1988).

Similarly, the Court concludes that the financial statement is not protected by the work product privilege. Ordinarily, a party may not discover documents that are prepared in anticipation of litigation or for trial by another party. FED. R. CIV. P. 26(b)(3). JFS acknowledges that as the party asserting the privilege, it has the initial burden of showing a factual basis for application of the work product privilege. *Falkner v. General Motors Corp.*, 200 F.R.D. 620, 622 (S.D. Iowa 2001). In this case, JFS points to the responses given by its counsel to questions posed by Plaintiffs' counsel. Specifically, in a letter to Mr. Miller dated May 10, 2010, Mr. Brady asserts that the document identified as Seibert 2736-2738 "was created solely for review by me in representing my clients during this litigation." Apparently without Mr. Brady's knowledge, however, Seibert provided a copy of the document (albeit with the date characterized differently on the cover page) to Liberty Bank and possibly a handful of other institutions. In fact, this production was apparently consistent with Seibert's practice of providing a financial statement using the same format to financial institutions in the past. JFS has failed to establish that Seibert 2736-2738 was "prepared in anticipation of litigation or for trial."

In summary, the Court concludes that Seibert 2736-2738 is not protected by either the attorney-client privilege or as work product. Accordingly, Plaintiffs are authorized to examine the disputed document. (Although, as JFS acknowledged in its resistance to the instant motion, "plaintiffs are already in possession of a nearly identical document.")

## ORDER

IT IS THEREFORE ORDERED that the Motion for *In Camera* Review (docket number 61) filed by the Plaintiffs is hereby **GRANTED**. Upon an *in camera* review of Seibert 2736-2738, the Court finds that it is not protected from discovery by the attorney-client privilege or as work product. Accordingly, Plaintiffs are authorized to examine the disputed document.

DATED this ___19th___ day of July, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA