**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| CEDAR RAPIDS LODGE & SUITES, LLC and JAMES T. RYMES, RHONDA L. COBORN, MICHAEL COBORN, SCOTT SHISLER, JULIE SHISLER, PAMELA J. COBB REVOCABLE TRUST, RAYMOND MULFORD, THERESA A. MULFORD, JACOB SAILER, RONALD SAILER and JERRED RUBLE By direct action in their individual capacities,<br><br>Plaintiffs,<br><br>vs.<br><br>JFS DEVELOPMENT, INC., JOHN F. SEIBERT, TED VOSBURG, MARC GABRIELSON and LIGHTOWLER JOHNSON ASSOCIATES, INC.,<br><br>Defendants. | No. 09-CV-175-LRR<br><br>**ORDER** |

_____

*TABLE OF CONTENTS*

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.  PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III. ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *A.   Motion to Amend* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
        *1.   Legal standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
        *2.   Application* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *B.   Motion for Judgment on the Pleadings* . . . . . . . . . . . . . . . . . . . . . *5*
        *1.   Legal standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
        *2.   Application* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        *3.   Summary* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*

*IV.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *14*

## I. INTRODUCTION

The matters before the court are: (1) the "Motion to Amend Answer and Counterclaim" ("Motion to Amend") (docket no. 65) filed by Defendants JFS Development, Inc. ("JFS") and John Seibert ("Seibert"); and (2) the "Motion for Judgment on the Pleadings" (docket no. 58) filed by Plaintiffs Cedar Rapids Lodge & Suites, LLC ("CRLS") and James T. Rymes ("Rymes").

## II. PROCEDURAL BACKGROUND

On December 3, 2009, Plaintiffs filed an 18-count Complaint (docket no. 1). The Complaint arises from the development of an AmericInn hotel ("Hotel") in Cedar Rapids, Iowa. Plaintiffs allege that Defendants fraudulently induced them to invest in the Hotel and mishandled the financing, construction and/or management of the Hotel. Plaintiffs seek damages and declaratory relief.

On February 9, 2010, Defendants filed an Answer (docket no. 41) and asserted counterclaims against CRLS and Rymes. In Count II of their counterclaims, Defendants asserted a claim for defamation per se. Specifically, they alleged that Rymes "published defamatory statements to third persons concerning Seibert and JFS, including statements that, while Seibert was engaged in managing the [Hotel], and while acting on behalf of JFS, he embezzled funds from CRLS." Answer and Counterclaims at 126, ¶ 14. On March 5, 2010, Plaintiffs filed an Answer (docket no. 44) to Defendants' counterclaims.

On June 10, 2010, Plaintiffs filed the Motion for Judgment on the Pleadings, in which they seek dismissal of Defendants' defamation counterclaim. On June 24, 2010, Defendants filed the Motion to Amend in which they seek to add allegations to their defamation claim. That same date, Defendants filed a "Motion to Continue Ruling on Plaintiffs' Motion for Judgment on the Pleadings" ("Motion to Continue") ( docket no. 66). In the Motion to Continue, Defendants argued that their proposed amended answer and counterclaim "add[ed] the specificity to [their defamation claim] that Plaintiffs claim

is lacking." Motion to Continue at ¶ 5. Defendants contended that, if the court granted the Motion to Amend, "Plaintiffs' Motion for Judgment on the Pleadings will become moot." *Id.* at ¶ 6. Accordingly, they asked the court to "continue ruling on Plaintiffs' Motion for Judgment on the Pleadings until after the [c]ourt rules on [the] [M]otion to [A]mend." *Id.* at ¶ 7. Alternatively, Defendants sought additional time to resist the Motion for Judgment on the Pleadings.

On June 25, 2010, United States Magistrate Judge Jon S. Scoles entered an Order (docket no. 67) denying the Motion to Continue in its entirety. On June 28, 2010, Defendants filed a Resistance (docket no. 69) to the Motion for Judgment on the Pleadings.[1] On July 6, 2010, Plaintiffs filed a Reply (docket no. 72).[2]

### III. ANALYSIS

First, the court addresses the Motion to Amend. Because the court finds that the Motion to Amend should be granted, it will then turn to consider Plaintiffs' Motion for Judgment on the Pleadings.

---

[1] On June 28, 2010, Defendants filed a "Supplemental Motion to Amend Answer and Counterclaim" ("Supplemental Motion to Amend") (docket no. 68). The Supplemental Motion to Amend merely added statements regarding Defendants' compliance with the Local Rules because, in filing the Motion to Amend, they "inadvertently omitted statements required by Local Rule 7.1 requiring good faith attempts to confer with opposing counsel and representations regarding whether opposing parties consent to or resist the motion." Supplemental Motion to Amend at ¶ 7. In all other respects, the Motion to Amend remains intact.

[2] Plaintiffs have not filed a resistance to the Motion to Amend and the time for doing so has expired. *See* LR 7.e (stating that a resistance must be filed "within 14 days after the motion is served"). However, Plaintiffs' arguments set forth in the Reply in support of the Motion for Judgment on the Pleadings make clear that Plaintiffs resist the Motion to Amend.

3

### A. Motion to Amend

#### 1. Legal standard

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, parties "do not have an absolute or automatic right to amend." *U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)). A district court may deny leave to amend "where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks and citations omitted).

#### 2. Application

Plaintiffs do not argue that they would be prejudiced by the proposed amendment or that Defendants acted in bad faith, with undue delay or dilatory motive. Instead, Plaintiffs argue that both the original counterclaim and proposed amended counterclaim fail to properly plead defamation. *See* Reply at ¶¶ 1-3 (arguing that the proposed amended counterclaim "is actually less specific and more equivocal than the original counterclaim" and stating that both the "original and amended counterclaims are deficient"). Thus, Plaintiffs' argument with respect to the Motion to Amend is one of futility.

Denial of leave to amend on the basis of futility "means that the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion[.]" *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007); *see also* 6 Wright, Miller & Cooper, *Federal Practice and Procedure* § 1487, p. 743 (3d ed. 2010) ("[I]f a complaint as amended could not withstand a motion to dismiss . . . then the amendment should be denied as futile."). It is procedural error for a court to grant a Rule 12 motion without addressing the merits of a pending motion to amend the pleading at issue. *See*

*Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (holding that the district court committed procedural error when it "ignored [the plaintiff's] motion to amend, granted [the defendant's] motion to dismiss the original complaint, and then denied [the plaintiff's] motion to amend the complaint as moot").

As noted, Plaintiffs do not argue that they will be prejudiced by the proposed amendment. The court also notes that the Motion to Amend is timely in that the deadline for motions to amend pleadings is October 1, 2010. Defendants have not previously sought to amend their Answer and Counterclaims. Plaintiffs do not contend, and the record does not reflect, that Defendants acted in bad faith or with undue delay in bringing the Motion to Amend. Finally, for the reasons discussed below with respect to Plaintiffs' Motion for Judgment on the Pleadings, Defendants' proposed amendments are not futile. Accordingly, Defendants' Motion to Amend is **GRANTED**. The court turns to consider the Motion for Judgment on the Pleadings with respect to Defendants' defamation claim as alleged in the Amended Answer and Counterclaim (docket no. 65-1).

### B. *Motion for Judgment on the Pleadings*

Plaintiffs contend that Defendants' counterclaim for defamation per se fails to state a claim upon which relief can be granted. Accordingly, they ask the court to dismiss the defamation claim and enter judgment in their favor. Defendants argue that they have sufficiently pled a defamation claim.

### 1. *Legal Standard*

Under Federal Rule of Civil Procedure 12(c), a motion for judgment on the pleadings may be brought after the pleadings are closed and is analyzed under the same standards that would have been employed had the motion been brought as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *St. Paul Ramsey County Med. Ctr. v. Pennington County*, 857 F.2d 1185, 1187-88 (8th Cir. 1988); *see also Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Rule 12(b)(6) provides that the

court may dismiss a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff need not provide "detailed" facts in support of its allegations; however, the pleading requirement in Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

   2. *Application*

In their original Answer and Counterclaim, Defendants alleged, in relevant part:

> 14. James T. Rymes has published defamatory statements to third persons concerning Seibert and JFS, including statements that, while Seibert was engaged in managing the [Hotel], and while acting on behalf of JFS, he embezzled funds from CRLS.
>
> 15. Rymes' defamation of Seibert and JFS constitutes defamation per se, because it is defamation relating to the business of Seibert and JFS and because it accuses these Defendants of the commission of a crime.

Answer and Counterclaim at 126, ¶¶ 14-15. Plaintiffs contend that Defendants failed to plead a valid claim for defamation per se because they "fail to identify (a) when the alleged statements were made; (b) to whom the alleged statements were made; and (c) the content of the allegedly defamatory statements and the context in which they were made." Plaintiffs' Brief in Support of Motion for Judgment on the Pleadings ("Pl. Brief.") (docket no. 58-1), at 4.

In the Amended Answer and Counterclaim, Defendants allege, in relevant part:

> 14. James T. Rymes has published defamatory statements to Brian Fleming. These statements, which upon information and belief were made during the fall of 2008, concerned Seibert and JFS. At minimum, Rymes alleged that, while Seibert was engaged in managing the [Hotel], and while acting on behalf of JFS, Seibert embezzled or otherwise misappropriated or dishonestly handled funds from CRLS, and that Seibert may have been doing so at the Davenport AmericInn and other businesses in which investors were involved.
>
> 15. Rymes' defamation of Seibert and JFS constitutes defamation per se, because it is defamation relating to the business of Seibert and JFS and because it accuses these Defendants of the commission of a crime.

Amended Answer and Counterclaim at 126, ¶¶ 14-15. Thus, the Amended Answer and Counterclaim includes factual allegations regarding several of the alleged deficiencies that Plaintiffs identified. It includes allegations as to when the alleged defamatory statements were made (the fall of 2008), to whom they were made (Brian Fleming) and the content of the allegedly defamatory statements (that Seibert allegedly embezzled funds from CRLS and possibly other entities, including the Davenport AmericInn).

Plaintiffs concede that Defendants remedied at least some of the perceived deficiencies in the original counterclaim. However, they maintain that the claim must be dismissed even with these additional allegations, particularly with respect to the alleged substance of the defamatory statements:

> "[the Amended Answer and Counterclaim] still fail[s] to meet the minimal pleading standards under Rules 8 and 9 of the Federal Rules of Civil Procedure because it is even less clear, based on the proposed amendment, as to what they are claiming Rymes actually said, when he allegedly said it, or where he allegedly said it in a way that would provide him with sufficient information to be able to mount a proper defense."

Reply at ¶ 2.

As an initial matter, the court rejects Plaintiffs' suggestion that defamation claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9. Most notably, defamation is not among those causes of action listed in Rule 9. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Accordingly, courts have refused to hold defamation claims to the standards of Rule 9 rather than the general pleading standards of Rule 8. *See Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 926 (7th Cir. 2003) ("[Plaintiff's] claim for defamation *per se* does not fall under the special pleading regime of Rule 9, and thus he is entitled to the usual rules for notice pleading established by Rule 8."); *Wenner v. Bank of Am., NA*, 637 F. Supp. 2d 944, 954 (D. Kan. 2009) ("[C]ontrary to defendants' assertion, Rule 9 of the Federal Rules of Civil Procedure does not require plaintiffs' defamation claim to be stated with particularity.").

It is well-settled that, "to state a claim for defamation in federal court, a plaintiff need only comply with Federal Rule of Civil Procedure 8(a)(2), which requires only a short and plain statement of the claim showing that the plaintiff is entitled to relief." *Bernstein v. Seeman*, 593 F. Supp. 2d 630, 635 (S.D.N.Y. 2009) (quotation marks omitted). Under this standard, Defendants' defamation claim needs only sufficient detail to allow Plaintiffs to respond. *See Bishop v. Costa*, 495 F. Supp. 2d 139, 141 (D. Me. 2007) (noting that, although not subject to Rule 9(b), "the pleadings in a defamation case need to be sufficiently detailed to the extent necessary to enable the defendant to respond"). However, despite being subject to only the general pleading standards of Rule 8, "the use of In haec verba[3] pleadings on defamation charges is favored in the federal courts because generally knowledge of the exact language used is necessary to form responsive pleadings." *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 699 (8th Cir. 1979)

---

[3] "In haec verba" means "[i]n these same words" or "verbatim." *Black's Law Dictionary* (8th Ed. 2004).

(citations omitted).

Defendants' allegations in the Amended Answer and Counterclaim satisfy the above standards and state a claim for defamation per se. To properly plead a claim for defamation under Iowa law,[4] a plaintiff must allege "the publication of written or oral statements which tend to injure [the plaintiff's] reputation or good name." *Lara v. Thomas*, 512 N.W.2d 777, 785 (Iowa 1994). Publication "simply means a communication of statements to one or more third persons." *Huegerich v. IBP, Inc.*, 547 N.W.2d 216, 221 (Iowa 1996) (citing *Belcher v. Little*, 315 N.W.2d 734, 737 (Iowa 1982)). To be published, and therefore actionable, a defamatory statement must be "heard and understood by a third person to be defamatory." *Id.* (citing *Royston v. Vander Linden*, 197 N.W. 435, 435-36 (Iowa 1924)). To determine what the third party understands, "the defamatory statement must be viewed in the context of the surrounding circumstances and within the entire communication." *Id.* (citing *Kidd v. Ward*, 59 N.W. 279, 280-81 (Iowa 1894)).

"Ordinarily, a plaintiff must prove that defamatory statements were false, made with malice, and caused damage." *Huegerich*, 547 N.W.2d at 221 (citing *Vinson v. Linn-Mar Cmty Sch. Dist.*, 360 N.W.2d 108, 115 (Iowa 1984)). However, "[s]ome statements are considered defamtory per se if they are of a nature that a court can presume as a matter of law that their publication will have a defamatory effect." *Id.* (citing *Vinson*, 360 N.W.2d at 116). "If a statement is determined to be defamatory per se, the elements of

---

[4] For purposes of the Motion for Judgment on the Pleadings, Plaintiffs assume that Iowa law applies to the defamation claim. However, Plaintiffs note that "it is unclear where the statements were allegedly made and/or published." Pl. Brief at 4, n.2. Defendants do not address the issue of the applicable law. Accordingly, the court assumes without deciding that Iowa law governs Defendants' defamation claim. While Iowa law provides the substantive law with respect to Defendants' defamation claim, federal rules govern the adequacy of Defendants' pleadings. *Nelson v. J.C. Penney Co., Inc.*, 75 F.3d 343, 347 (8th Cir. 1996); *see also Asay*, 594 F.2d at 698-99 ("The manner of setting forth allegations is a matter of procedure, not substance, and a federal court cannot be bound by a state's technical pleading rules.").

malice, falsity, or damage need not be proven." *Id.* (citing *Vinson*, 360 N.W.2d at 115).

In the Amended Answer and Counterclaim, Defendants allege that, in the fall of 2008, Rymes made defamatory statements to Brian Fleming. Defendants allege that Rymes told Fleming that Seibert "embezzled or otherwise misappropriated or dishonestly handled funds from CRLS"[5] while he managed the Hotel, and that he "may have been doing so at the Davenport AmericInn and other businesses in which investors were involved." Amended Answer and Counterclaim at 126, ¶ 14. Defendants also allege that Rymes' conduct constituted defamation per se because the alleged statements "relat[e] to the business of Seibert and JFS and . . . accuses these Defendants of the commission of a crime." Amended Answer and Counterclaim at 126, ¶ 15. Under Iowa law, such statements could be defamation per se. *See Huegerich*, 547 N.W.2d at 221 (explaining that "[t]o accuse a person of an indictable crime is defamation per se" provided the crime "involve[s] moral turpitude or [would] subject the person accused to a sentence of incarceration"); *Lara*, 512 N.W.2d at 785 (stating that defamatory statements "affecting a person in his or her business, trade, profession, or office are also actionable without proof of actual harm").

To the extent Plaintiffs argue that Defendants' defamation claim must be dismissed because it does not set forth a direct quotation of the alleged defamatory statements, the court disagrees. Courts frequently require less specificity than that urged by Plaintiffs.

---

[5] Plaintiffs take issue with Defendants' use of this alternative language, and argue that this language actually makes the Amended Answer and Counterclaim "less specific and more equivocal than the original counterclaim[.]" Reply at ¶ 1. The court rejects Plaintiffs' suggestion that there is a material difference, for purposes of the Motion for Judgment on the Pleadings, between Defendants' allegations that Rymes accused Seibert of "embezz[ling]," "misappropriat[ing]" or "dishonestly hand[ling]" funds from the Hotel. Amended Answer and Counterclaim at 126, ¶ 14. The court takes these terms to be functional equivalents and notes that any distinction between them will not hamper Plaintiffs' ability to defend against the claim.

*See, e.g., Cenveo Corp. v. CelumSolutions Software GmbH & Co. KG*, 504 F. Supp. 2d 574, 578 (D. Minn. 2007) (noting that "it is not necessary for the complaint to recite the exact language spoken" so long as the plaintiff "identif[ies] who made the defamatory statement and what was said") (citation and quotation marks omitted); *Re/Max Int'l, Inc. v. Smythe, Cramer Co.*, 265 F. Supp. 2d 882, 893 (N.D. Ohio 2003) (holding that, despite absence of exact language, plaintiff adequately pled its defamation claim where it "identifie[d] the person who made the statement and the general substance of the comments" because it "gave sufficient even if not complete, notice to the Court and to the parties of the nature of the action and the relief sought"); *Jones v. Sabis Educ. Sys., Inc.*, No. 98 C 4252, 1999 WL 1206955, at *4 (N.D. Ill. Dec. 13, 1999) ("Courts occasionally allow plaintiffs to plead in a less specific manner when the substance of the defamatory statements are adequately identified."). Defendants identify the speaker of the allegedly defamatory statement, the recipient of the statement and what was said. The court finds that Defendants' allegations in the Amended Answer and Counterclaim satisfy Rule 8(a).

Plaintiffs rely on *Freeman v. Bechtel Const. Co.*, in which the Eighth Circuit Court of Appeals affirmed the dismissal of the plaintiffs' defamation claims. 87 F.3d 1029, 1032 (8th Cir. 1996). In *Freeman*, the defendant/employer disciplined the plaintiffs/employees for allegedly harassing a female coworker. *Id.* at 1030. The plaintiffs sued for defamation, alleging that "a 'written, permanent report' of the reason for their discipline 'will go into the file kept by [their employer]'; that the report contains an 'obvious defamatory statement'; and that the file 'is kept in a central location where anyone has access[.]'" *Id.* at 1031. The Eighth Circuit Court of Appeals found the allegations defective for three reasons. First, they were speculative in that they alleged a written report containing an "'obvious defamatory statement'" "'will go'" into the permanent files of their employer. *Id.* Second, plaintiffs did not allege any "specific defamatory statement" and it was "not 'obvious' to [the Eighth Circuit Court of Appeals] that such a

11

report would contain a defamatory statement." *Id.* Third, the plaintiffs failed to allege that the reports had "in fact been published to a nonprivileged third party" despite the fact that Arkansas law "recognizes a qualified privilege for employers and supervisory employees dealing with matters that affect their business." *Id.* For all of these reasons, the Eighth Circuit Court of Appeals found that the defendant would be "unable 'to form responsive pleadings.'" *Id.* (quoting *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 699 (8th Cir. 1979)).

The Eighth Circuit Court of Appeals also affirmed the dismissal of the plaintiffs' defamation by slander claim. *Id.* at 1032. The plaintiffs alleged that "defamatory statements were made that each plaintiff made or condoned a sexually harassing statement and was disciplined, and that these statements were 'orally published around the whole job site and the town of Russellville.'" *Id.* at 1031. The Eighth Circuit Court of Appeals began by rejecting as a "gross exaggeration" the plaintiffs' allegation that "every statement by [an employee of the defendant] is attributable to the [defendant] under the law of agency." *Id.* The Eighth Circuit Court of Appeals also found the allegations "vague" in that they did "not identify the defamatory statements with any specificity, they [did] not identify the manner of oral publication, and they [did] not allege that [the defendant] . . . published the statements to a nonprivileged recipient." *Id.* at 1032.

Defendants' allegations are distinguishable from those in *Freeman*. First, Defendants identify both the speaker and recipient of the alleged defamatory statement, as opposed to the plaintiffs' allegation in *Freeman* that the statements were "orally published around the whole job site and the town of Russellville." *Id.* at 1031. Second, Defendants' allegations are not speculative because they relate to defamatory statements already made, rather than one that may or may not be made. Finally, other problems noted by the Eighth Circuit Court of Appeals, including issues of agency and qualified privilege, are not present in this case.

Plaintiffs also rely on *Bauer v. Ford Motor Credit Co.*, No. Civ. 00-389 (DSD/JGL), 2000 WL 34494820 (D. Minn. June 27, 2000). In *Bauer*, the plaintiffs alleged that the defendant "violated various federal and state laws in attempting to collect a debt owed by Nadine Jackson, a woman allegedly unknown to [the] plaintiffs." *Id.* at *1. The plaintiffs asserted a defamation claim, alleging that a "caller" on behalf of the defendant had called the plaintiffs' "neighbors and relatives" and "implied . . . that Nadine Jackson had been involved with or connected with [the plaintiff], and that the [plaintiffs] were behind on their financial obligations." *Id.* at *3. The district court noted that, "[a]lthough these allegations [were] likely sufficient to allow defendant to prepare responsive pleadings and conduct appropriate discovery, the general description of the allegedly offensive statements [did] not satisfy the specificity requirements under [*Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 699 (8th Cir. 1979)]." *Id.* However, rather than dismiss the claim, the court denied the motion in order to address the plaintiffs' pending motion to amend. *Id.*

Defendants' allegations are much less generalized than those in *Bauer*. Here, Defendants specifically identify both the speaker and recipient of the alleged defamatory statements, whereas in *Bauer* the plaintiffs merely alleged that a "caller" had made defamatory statements to "neighbors and relatives." *Id.* Defendants' allegations with respect to the content of the defamatory statements are also more specific than those in *Bauer*. Defendants allege that Rymes told Fleming that Seibert embezzled funds while managing the Hotel. The court finds this substantially more specific than the allegations in *Bauer* that the caller "implied" that an individual had been "involved with or connected with [the plaintiff], and that the [plaintiffs] were behind on their financial obligations." *Id.*

### 3. *Summary*

The court finds that Defendants' Amended Answer and Counterclaim states a claim

13

for defamation per se under Iowa law and that such claim is pled with sufficient specificity. That is, Defendants' defamation claim "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Accordingly, the court shall deny the Motion for Judgment on the Pleadings.

## *IV. CONCLUSION*

In light of the foregoing, it is **HEREBY ORDERED THAT**:

(1) the Motion to Amend Answer and Counterclaim (docket nos. 65 & 68) is **GRANTED**. The Clerk of Court shall detach and separately file Defendants' Amended Answer and Counterclaim (docket no. 65-1).

(2) the Motion for Judgment on the Pleadings (docket no. 58) is **DENIED**.

**DATED** this 19th day of July, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA