# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| CEDAR RAPIDS LODGE & SUITES, LLC, *et al.*, | |
| Plaintiffs, | No. C09-0175 |
| vs. | RULING ON PRETRIAL MOTIONS |
| JFS DEVELOPMENT, INC. (f/k/a JCS DEVELOPMENT, INC.), *et al.*, | |
| Defendants. | |

On the 29th day of November 2010, this matter came on for hearing on the Motion to Withdraw as Counsel (docket number 86) filed by Brady & O'Shea, P.C. on October 29, 2010; the Joint Motion to Extend Deadlines and to Continue Trial (docket number 88) filed by the parties on November 15, 2010; and the Motion to Compel Production of Documents (docket number 89) filed by the Plaintiffs on the same date.

The Plaintiffs were represented by their attorneys, Kevin J. Visser and Robert H. Miller. Defendants JFS Development, Inc. and John F. Seibert were represented by their attorney, Matthew L. Preston. Defendants Ted Vosburg and Marc Gabrielson were represented by their attorney, Kevin H. Collins. Defendant Lightowler Johnson Associates, Inc. was represented by its attorney, Kevin J. Caster.

## I. RELEVANT FACTS AND PROCEEDINGS

This case was initiated on December 3, 2009 with the filing of a verified complaint and petition for equitable relief. In brief, Plaintiffs claim that they were induced to invest in the development of an AmericInn motel in Cedar Rapids, Iowa, "through a series of material fraudulent misrepresentations and omissions" by Defendants. The Plaintiffs claim that the project failed as a result of Defendants' fraud, self-dealing, and mismanagement.

Defendant John F. Seibert is a principal in JFS Development, Inc., a Minnesota corporation engaged in hotel management. Defendants Ted Vosburg and Marc Gabrielson, along with Seibert, were "founding governors" in the Cedar Rapids motel project. Seibert and JFS Development filed an answer and counterclaim on February 9, 2010. Vosburg and Gabrielson filed a separate answer on the same date.

According to the complaint, Defendant Lightowler Johnson Associates, Inc. ("Lightowler Johnson") served as the project architects. Plaintiffs claim that Lightowler Johnson failed to properly meet its obligations in that regard. On February 12, 2010, Lightowler Johnson filed an answer, denying the material allegations.

Meanwhile, on January 20, 2010, Plaintiffs filed a petition to attach assets owned by JFS Development, Seibert, Vosburg, and Gabrielson. Following a hearing, the undersigned magistrate judge recommended that the petition be denied. Chief Judge Linda R. Reade adopted my recommendation and denied Plaintiffs' petition to attach.

On April 13, 2010, the Court filed a Scheduling Order and Discovery Plan. Among other things, the Order established deadlines for disclosure of expert witnesses, completion of discovery, and filing dispositive motions. In reliance on those deadlines, Chief Judge Linda R. Reade scheduled the matter for trial on August 22, 2011.

## *II. DISCUSSION*

### *A. Motion to Withdraw as Counsel*

First, the Court will address the Motion to Withdraw as Counsel filed by Brady & O'Shea, P.C., including specifically its attorneys, Brad J. Brady, Matthew L. Preston, and Anna Rybicki. The movants ask that they be permitted to withdraw, asserting that "[b]oth John Seibert, individually, and JFS Development, Inc. are currently unable to pay their attorneys' fees and expenses per their Fee Agreement with the undersigned." According to Mr. Preston, much of the retainer was expended when Plaintiffs unexpectedly filed a motion for prejudgment attachment, which required substantial attention. Since that time, JFS and Seibert have failed to pay the attorney fees owed, and are unable to pay attorney

fees going forward. At the hearing, Seibert confirmed that neither he nor the corporation had any money to pay attorney fees. Seibert advised the Court that "I have no cash . . . I am broke . . . I'm at a point where I've been done in."

As noted by the Court in *Universal-Polygram Int'l Publ'g, Inc. v. Prairie Broad. Co.*, 2009 WL 1955618 (D. Minn.), motions to withdraw by counsel "are not readily amenable to a bright-line doctrinaire approach." *Id.* at *2. Instead, such a motion "must be considered in the context of the attorney's duties to the Court, to the client, and to the profession." *Id.* Here, Brady & O'Shea entered into an agreement with JFS Development and Seibert to represent their interests in this action. For their part, JFS and Seibert paid the law firm a retainer, and agreed to pay for services rendered on an hourly basis. Unfortunately, JFS and Seibert are now unable to comply with their part of the agreement. According to Seibert, if he had the financial means to pay an attorney, "I'd keep current counsel."

The Iowa Rules of Professional Conduct allow an attorney to withdraw from representing a client if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation of fulfilled." *See* Iowa R. of Prof'l Conduct 32:1.16(b)(5). Here, Seibert concedes that he and JFS are unable to pay Brady & O'Shea's fees, and are unlikely to be able to do so in the future. According to Seibert, he has attempted to refinance or secure additional financing, but has been unsuccessful. In fact, Seibert advised the Court that "a number of the banks have gotten anxious about the loans and they're starting to call loans."

Accordingly, if Brady & O'Shea is not permitted to withdraw, then it is likely that the continued representation will be without compensation. In *Brandon v. Blech*, 560 F.3d 536 (6th Cir. 2009), the Court found that permitting an attorney to withdraw is "presumptively appropriate" when the rules of professional conduct are satisfied, including a client's failure to pay fees. *Id.* at 538. *See also Fidelity Nat. Title Ins. Co. of New York*

*v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) ("Litigants have no right to free legal aid in civil suits."); *Lieberman v. Polytop Corp.*, 2 Fed. Appx. 37, 39 (1st Cir. 2001) (finding that the district court abused its discretion in refusing to let an attorney withdraw, where it would be necessary for counsel to expend additional energy and front necessary expenses, "without any real assurance that he will be paid for any of it").

There is a substantial amount of work to be completed in the instant action. Discovery is ongoing. Numerous documents have been exchanged and it is anticipated that there will be a significant number of depositions required. Upon completion of discovery, dispositive motions may be appropriate. The issues in this case would appear to be complex, and it is anticipated that the trial could be lengthy. There does not appear to be any likelihood that Brady & O'Shea would be paid for the extensive time and expense required to complete this case. Under these circumstances, the Court concludes that the motion to withdraw as counsel should be granted.

### B. Motion to Compel Production of Documents

Next, the Court will consider the motion to compel production of documents filed by Plaintiffs. On September 24, 2010, Plaintiffs served JFS Development and Seibert with "a comprehensive request for production of documents." Plaintiffs ask that JFS and Seibert be required to produce the documents requested prior to their counsel being permitted to withdraw from the case. Defendants did not file any written response to the motion to compel.

In a supplemental motion filed in support of its request to withdraw as counsel, Brady & O'Shea assert that on November 22, 2010, they provided Plaintiffs' counsel with a CD containing nearly 2,700 documents. Plaintiffs' counsel confirmed that he had been told by his office "this morning," that they had received a CD with 2,700 documents "which obviously I have not had a chance to review." Mr. Miller noted that "I'm going to need to take some time to go through those documents and figure out what they are and

whether they are responsive to our request; whether our requests have been completely responded to." Mr. Miller suggested that the motion to compel be "stayed" until Plaintiff has an opportunity to review the documents.

The Court concludes that the motion to compel should be denied without prejudice. If, after reviewing the documents recently produced, Plaintiffs believe that JFS and Seibert have not fully responded to Plaintiffs' requests for production of documents, then Plaintiffs may renew their motion, identifying with specificity the areas in which they believe the production is lacking.

### C. *Motion to Extend Deadlines and Continue Trial*

Finally, the Court will consider the joint motion to extend deadlines and to continue trial filed on November 15, 2010. All parties agree to the requested extensions and continuance, with one exception. Lightowler Johnson objects to a continuance of the deadline for disclosure of Plaintiffs' expert witnesses directed to the alleged wrongful actions of Lightowler Johnson.

At the instant hearing, counsel disagreed regarding the course of discovery between Plaintiffs and Lightowler Johnson. Mr. Miller asserted that Lightowler Johnson has never responded to Plaintiffs' requests for production of documents filed on June 23, 2010, notwithstanding Mr. Caster's email on August 9, "promising specific responses to our discovery requests within a week." Mr. Miller also asserts that there is some uncertainty regarding the contractual relationship between Lightowler Johnson and the other Defendants, thereby complicating the task of an expert witness. Plaintiffs assert that until discovery is obtained from all Defendants, it is not possible for an expert to opine regarding whether Lightowler Johnson breached its obligations relating to this project.

In response, Mr. Caster asserted that "every document in Lightowler Johnson's possession has been produced." Mr. Caster was uncertain, however, whether any "formal response" to the requests for production of documents was served. According to

5

Mr. Caster, he was unaware until the time of hearing that Plaintiffs were asserting that additional discovery was due from Lightowler Johnson.

Despite substantial discovery which has already been conducted, it is apparent that the parties cannot realistically meet the pretrial deadlines established in the Court's Scheduling Order of April 13, 2010. As a consequence of Defendants' failure to provide discovery, Plaintiffs were unable to disclose their expert witnesses, complete with the experts' opinions, by the December 1, 2010 deadline. In addition to the possible further exchange of documents, counsel reported that there are a substantial number of depositions which will be required. After considering all of the facts and circumstances, the Court concludes that the pretrial deadlines should be extended by approximately 90 days. While the Court is generally loathe to continue a civil jury trial, it would appear to be necessary in this case. After considering the respective arguments of Plaintiffs and Lightowler Johnson, the Court concludes that the extended deadline for disclosure of Plaintiffs' expert witnesses should apply equally to those experts rendering an opinion on Lightowler Johnson's performance.

### *III. ORDER*

IT IS THEREFORE ORDERED as follows:

1. The Motion to Withdraw as counsel (docket number 86) filed by Brady & O'Shea, P.C. is **GRANTED**. The appearances of attorneys Brad J. Brady, Matthew L. Preston, and Anna Rybicki are hereby deemed **WITHDRAWN**.[1]

2. The Joint Motion to Extend Deadlines and to Continue Trial (docket number 88) is **GRANTED**, and the pretrial deadlines are **EXTENDED** as follows:

---

[1] Defendants JFS Development, Inc. and John F. Seibert are strongly encouraged to promptly obtain substitute counsel. JFS Development, Inc. is reminded that a corporation may only appear in federal court through a licensed attorney. *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) ("the law does not allow a corporation to proceed *pro se*"). Moreover, Defendants are advised that "[i]n general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Id.* at 856.

a. The new deadline for disclosure of Plaintiffs' experts is **March 1, 2011**.

b. The new deadline for disclosure of Defendants' experts is **May 2, 2011**.

c. The new deadline for disclosure of Plaintiffs' rebuttal experts, if any, is **June 1, 2011**.

d. The new deadline for *completion* of discovery is **July 1, 2011**.

e. The new deadline for filing dispositive motions is **July 1, 2011**.

3. The trial now scheduled before Chief Judge Linda R. Reade on August 22, 2011 is **CONTINUED**. The trial will be rescheduled on a date determined by Chief Judge Reade, but not sooner than November 1, 2011.

4. The Motion to Compel Production of Documents (docket number 89) filed by the Plaintiffs is **DENIED** without prejudice.

DATED this 6th day of December, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA