# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| CEDAR RAPIDS LODGE & SUITES, LLC, *et al.*, | |
| Plaintiffs, | No. 09-CV-175-LRR |
| vs. | **ORDER** |
| JFS DEVELOPMENT, INC., f/k/a JCS DEVELOPMENT, INC., *et al.*, | |
| Defendants. | |

## *I. INTRODUCTION*

The matter before the court is Plaintiffs[1] Cedar Rapids Lodge & Suites, LLC and James T. Rymes' "Motion for Partial Summary Judgment on Count II of Defendants John Seibert and JFS Development, Inc.'s Counterclaims" ("Motion") (docket no. 84).

## *II. PROCEDURAL BACKGROUND*

On December 3, 2009, Plaintiffs filed an eighteen count Complaint (docket no. 1). The Complaint arises from the development of an AmericInn hotel ("Hotel") in Cedar Rapids, Iowa. Plaintiffs allege that Defendants JFS Development, Inc. ("JFS"), John F. Seibert, Ted Vosburg and Marc Gabrielson fraudulently induced Plaintiffs to invest in the Hotel and then mishandled the financing, construction and/or management of the Hotel.

On February 9, 2010, JFS and Seibert filed an Answer and Counterclaim (docket no. 41). In Count II of their Counterclaims, JFS and Seibert assert a claim against Plaintiffs for defamation per se. On March 5, 2010, Plaintiffs filed an Answer (docket no.

---

[1] Unless otherwise noted, all references to "Plaintiffs" in the instant Order refers to Cedar Rapids Lodge & Suites, LLC ("CRLS") and James T. Rymes ("Rymes").

44) to Defendants' Counterclaims in which they denied the substance of JFS and Seibert's defamation counterclaim.

On July 20, 2010, JFS and Seibert filed an Amended Answer and Counterclaim (docket no. 78) to add factual allegations to their defamation counterclaim. On July 29, 2010, Plaintiffs filed an Answer (docket no. 79).

On October 8, 2010, Plaintiffs filed the Motion. To date, JFS and Seibert have not filed a resistance, and the time for doing so has expired. Ordinarily, a resistance to a summary judgment motion is due "within 21 days after service of the motion[.]" LR 56.b. However, on October 29, 2010, JFS and Seibert filed a "Motion to Continue Deadline for Resisting [the Motion]" ("Motion to Continue") (docket no. 85), in which they sought an extension to November 22, 2010 to resist the Motion. That same date, JFS and Seibert's counsel filed a "Motion . . . to Withdraw as Counsel" ("Motion to Withdraw") (docket no. 86), in which they explained that JFS and Seibert were unable to pay attorneys' fees and expenses as required in their fee agreement. JFS and Seibert explained that the purpose of the Motion to Continue was "to allow Seibert and JSF to seek new counsel if they intend to do so and so that counsel may prepare and file a resistance" to the Motion. Motion to Continue at ¶ 3.

On November 2, 2010, United States Magistrate Judge Jon S. Scoles entered an Order (docket no. 87) granting the Motion to Continue. However, JFS and Seibert failed to file a resistance to the Motion by November 22, 2010. On December 6, 2010, Judge Scoles entered an Order (docket no. 95) granting the Motion to Withdraw. Despite Judge Scoles's admonition that JFS and Seibert "are strongly encouraged to promptly obtain substitute counsel[,]" Order at 6 n.1, JFS and Seibert remain unrepresented in this action, and the court is unaware of any efforts they may have made to retain new counsel.

## III. ANALYSIS

In the Motion, Plaintiffs seek summary judgment on JFS and Seibert's defamation

counterclaim. The court shall grant the Motion both on procedural grounds as well as the merits.

## A. *Procedural Grounds*

"If no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior notice from the court." LR 56.c. Because JFS and Seibert did not file a proper resistance to the Motion, they failed to expressly admit, deny or qualify each of the facts set forth in Plaintiffs' "Statement of Material Facts" (docket no. 84-2) filed in support of the Motion. *See* LR 56.b.2. JFS and Seibert's failure to respond to Plaintiffs' Statement of Material Facts constitutes an admission of these facts. *See* LR 56.b. Given JFS and Seibert's admission of these facts and their failure to come forward with any evidence, the court concludes that Plaintiffs are entitled to summary judgment on purely procedural grounds. *See* LR 56.c.

## B. *Merits*

In addition to granting the Motion on procedural grounds, the court finds it appropriate to address the Motion on the merits. *See Mack v. Dillon*, 594 F.3d 620, 622 (8th Cir. 2010) (per curiam) ("[W]e are troubled by the court's failure to address the merits, and its apparent grant of summary judgment based solely on the lack of a response from [the nonmoving party].").

In their defamation counterclaim, JFS and Seibert allege, in relevant part:

> 14. James T. Rymes has published defamatory statements to Brian Fleming. These statements, which upon information and belief were made during the fall of 2008, concerned Seibert and JFS. At minimum, Rymes alleged that, while Seibert was engaged in managing the [Hotel], and while acting on behalf of JFS, Seibert embezzled or otherwise misappropriated or dishonestly handled funds from CRLS, and that Seibert may have been doing so at the Davenport AmericInn and other businesses in which investors were involved.

> 15. Rymes' defamation of Seibert and JFS constitutes defamation per se, because it is defamation relating to the business of Seibert and JFS and because it accuses these Defendants of the commission of a crime.

Amended Answer and Counterclaim at 126, ¶¶ 14-15. Plaintiffs argue they are entitled to summary judgment on this counterclaim because "Rymes did not, in fact, publish any defamatory statement or statements to Mr. Fleming, and there is no genuine issue of material fact with respect thereto." Motion at ¶ 1.

The court reviewed the law applicable to JFS and Seibert's defamation counterclaim as well as the entire record, including the pleadings, the Motion and other papers. Based upon such review, the court concludes that Plaintiffs are entitled to judgment as a matter of law with respect to JFS and Seibert's defamation counterclaim. The record, even when viewed in the light most favorable to JFS and Seibert, fails to establish a genuine issue of material fact as to whether Rymes published a defamatory statement to Fleming. *See Huegerich v. IBP, Inc.*, 547 N.W.2d 216, 221 (Iowa 1996) ("Publication is an essential element of defamation and simply means a communication of statements to one or more third persons."); Plaintiffs' Appendix (docket no. 84-3) at 7 (averment of Bryan Fleming that "Rymes did not say anything to me in substance or to the effect that John Seibert of JFS Development had embezzled, misappropriated or dishonestly handled funds from [CRLS] or its investors"). Thus, for the reasons stated in the Motion and Plaintiffs' Brief (docket no. 84-1) in support thereof, as well the court's independent review of the record, the undisputed material facts show that Plaintiffs are entitled to judgment as a matter of law with respect to Count II of JFS and Seibert's Counterclaims.

## IV. CONCLUSION

In light of the foregoing, the Motion (docket no. 84) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in Plaintiffs' favor on Count II of JFS and Seibert's Counterclaims (docket no. 78).

4

**IT IS SO ORDERED.**

**DATED** this 18th day of January, 2011.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　LINDA R. READE
　　　　　　　　　　　　　　　CHIEF JUDGE, U.S. DISTRICT COURT
　　　　　　　　　　　　　　　NORTHERN DISTRICT OF IOWA