IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| CEDAR RAPIDS LODGE & SUITES, LLC, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>JFS DEVELOPMENT, INC. (f/k/a JCS DEVELOPMENT INC.), JOHN F. SEIBERT, TED VOSBURG, MARC GABRIELSON, and LIGHTOWLER JOHNSON ASSOCIATES, INC.<br><br>Defendants. | No. C09-0175<br><br>RULING ON MOTION TO COMPEL ATTENDANCE AT DEPOSITION |

On the 4th day of October 2011, this matter came on for telephonic hearing on the Expedited Motion for Order Compelling Defendant John F. Seibert to Attend the Final Day of His Agreed-Upon Deposition (docket number 154) filed by the Plaintiffs on September 23, 2011. The Plaintiffs were represented by their attorneys, Kevin J. Visser, Robert H. Miller, and Brian Thomas. Defendant John F. Seibert appeared personally and was unrepresented by counsel. Defendant Lightowler Johnson Associates, Inc. was represented by its attorney, Kevin J. Caster. Defendants JFS Development, Inc., Ted Vosburg, and Marc Gabrielson did not appear, not anyone for them.

## I. The Issue

Defendant John F. Seibert appeared for his deposition at the law offices of Plaintiffs' counsel in Cedar Rapids on September 7 and 8. Seibert also appeared on September 9, but left abruptly after approximately 39 minutes of questioning, announcing that "this deposition has terminated." The issue raised by Plaintiffs' instant motion is

whether Seibert should be required to return for a third full day of questioning, and whether the costs of the reconvened deposition should be assessed to Seibert.

## II. The Status Conference

On August 23, 2011, a status conference was held pursuant to Plaintiffs' motion (docket number 139) requesting a status conference.[1] In their motion requesting a status conference, Plaintiffs refer to problems associated with completing the depositions prior to the discovery deadline. According to the motion, "Seibert has thus far refused to agree to travel to Cedar Rapids for his deposition" noticed for August 30, 2011.[2] At the status conference, the Court advised the parties that if an agreement could not be reached regarding the location, then the deposition would occur at the courthouse in Cedar Rapids.

In discussing the scheduling problems, Mr. Miller advised the Court that "Mr. Seibert's deposition is noticed for Tuesday and Wednesday of next week, with the hope that it could be ongoing as necessary until completed."[3] The Court suggested that "the parties take some time and see whether or not they can agree on a date that works."[4] The Court recessed the hearing to conduct plea changes in two criminal proceedings. Prior to recessing, the Court advised the parties: "If you can reach an agreement, then you can . . . let my chambers know what that agreement is. If you cannot reach an agreement, then I'll be ready to go again in 1 hour, and we'll talk about it some more."[5]

---

[1] Also on that date, hearing was held on Plaintiffs' Motion for Contempt of Court (docket number 135) and Motion for Sanctions (docket number 136).

[2] *See* Plaintiffs' Motion for Status Conference (docket number 139), ¶ 3 at 2.

[3] *See* docket number 169 at 87.

[4] *See id.* at 96.

[5] *See id.* at 99-100.

2

At that point, Mr. Miller raised the issue of the length of Seibert's deposition, stating that "we would ask for some relief from the federal rule 7-hour."[6] Mr. Visser added that "I think the Court may have addressed this in a very early scheduling conference where something more than the 7 hours was going to be allowed in a very limited number of depositions, and it looks like that number is going to be 1."[7] The Court responded as follows:

> I don't recall. You can take a look at the order. If it covers it, then it does. If it doesn't, and the parties are unable to agree, we'll talk about it later.

*See* docket number 169 at 100.

At that point, the hearing was recessed and the parties discussed the details regarding the remaining depositions, including Mr. Seibert's deposition. The Court was subsequently advised that the parties had agreed that Plaintiffs would take the deposition of Seibert during the week of September 6. On August 24 – the day following the status conference – the Court entered an Order providing, among other things, that "Defendant John F. Seibert shall appear in Cedar Rapids and submit to his deposition during the week of September 6, 2011."[8] The Order is silent regarding the length of the deposition.

At the instant hearing, Mr. Visser reported that the initial discussion following the status conference called for Mr. Seibert to appear for his deposition on Tuesday, Thursday, and Friday during the week following Labor Day. The gap in the dates was an effort to accommodate Lightowler's expert, who was flying in from Baltimore. When Seibert objected to "sitting around in Cedar Rapids for a day," however, the expert's deposition was moved to Tuesday, with Seibert to be deposed on Wednesday, Thursday, and Friday. At the instant hearing, Mr. Miller told the Court "with confidence" that it

---

[6] *See id.* at 100.

[7] *See id.* at 100.

[8] *See* Order extending deadlines (docket number 145).

3

was always intended to be a three-day deposition, and that the conflict with Lightowler's expert would not become "germane" if it was only a two-day deposition. While acknowledging that he did not have "100% total recall," Mr. Caster advised the Court that "my recollection is that we were planning a two-day deposition." No record was made at that time, nor did the parties memorialize the alleged agreement in an email or otherwise.

### III. The Deposition

Mr. Seibert's deposition commenced at the Simmons law firm at 10:02 a.m. on September 7 and continued until 5:09 p.m. That is, the deposition extended for just over 7 hours, including a luncheon recess and breaks of unspecified duration. Seibert's deposition continued on September 8, commencing at 8:54 a.m. and continuing until 3:50 p.m. The deposition was halted early in order to accommodate Mr. Miller's request to participate telephonically in a firm meeting. Accordingly, the deposition on the second day extended for 6 hours and 56 minutes, including a lunch break.

At the beginning of the second day, Seibert asked Miller for "a copy of the court order that requires me to be here beyond 7 hours." Miller responded by stating that he had advised the court at the status hearing that the deposition would take three days and "I didn't hear you object at the time that we discussed that."[9] Seibert again asked for a copy of any court order. Miller responded:

> Well, I'm not going to interrupt the deposition now to get you a copy of that. There is an original scheduling order at the beginning of the case where we represented to the Court that there would be a witness or two that would likely require

---

[9] The Court has reviewed the transcript of the status hearing (docket number 169) and can find no reference to Mr. Miller advising the Court that the deposition would take 3 days. Instead, Miller asked for "relief" from the 7-hour rule.

> examination beyond seven hours. And the Court acknowledged that.[10]

The back-and-forth discussion continued, with Seibert stating:

> So I guess I would suggest that you use your time wisely this morning, because when you get your seven hours in one day, my deposition is done.

Miller then stated that "we'll suspend the deposition and get the Court on the phone." After Seibert responded "okay," Miller added: "I'm not going to play games with this today." Mr. Caster then suggested a discussion off the record.

After going back on the record, Mr. Miller agreed to "do my best to move the questioning along" and "we'll do our best to be finished with your deposition on Friday afternoon." When asked whether that was his understanding, Mr. Seibert responded: "Either today and/or potentially into Friday, yes." Miller insisted that he was proceeding with the examination "on the basis of an understanding that we're continuing into Friday." Seibert responded: "And appropriately I still raise the objection as to continuing into Friday." Miller stated that he would not begin the examination "until I know what our agreement is clearly so that I know what the agreement is." Seibert responded as follows:

> If you continue to repeat questions to me today and if you continue with the same process as you did yesterday, I have to tell you, Mr. Miller, that I am not interested in continuing on with the deposition beyond that point in time, and then we'll let the Court intervene. If you want to depose me, depose me. Please start.

Before beginning his questioning, Mr. Miller responded:

> Just so the record is clear, it's my understanding that we have an agreement that we're continuing this deposition until some time on Friday afternoon.

Seibert made no response.

---

[10] The Court has searched for an order referring to a deposition beyond seven hours, and has found none.

5

Shortly before the mid-afternoon break on the second day, Mr. Miller asked Mr. Seibert if he would prefer to start the following morning at 8:00 or 8:30. Seibert responded that he "would like to have some sort of a timetable on this thing." Miller said that he had "every expectation" that they would be finished with the deposition "tomorrow afternoon." When Seibert asked whether he could "hold you to that," however, Miller said "I can't guarantee you." After some further discussion, Seibert stated: "Let the record show that tomorrow is it, I'm done, depositions are done."

The deposition reconvened on Friday, September 9, at 8:43 a.m. After approximately 30 minutes, however, Seibert announced that "I'm exercising my rights under article 30." According to Seibert, "[y]ou are unreasonably annoying me, you've asked me embarrassing questions, you continue to end up harassing me in this process. And in my opinion this deposition has terminated." Seibert then left the room.

### IV. Analysis

The FEDERAL RULES OF CIVIL PROCEDURE limit a deposition to one day of seven hours, "[u]nless otherwise stipulated or ordered by the court." FED. R. CIV. P. 30(d)(1). Plaintiffs did not seek a court order authorizing an extended deposition. Plaintiffs assert, however, that Seibert agreed, or "stipulated," to a three-day deposition. Seibert denies such an agreement.

The Court concludes that Plaintiffs have failed to establish that Mr. Seibert "stipulated" or agreed to a three-day deposition. The agreement was allegedly reached following a status conference on August 23, 2011. A record was not made at that time, however, and the alleged agreement was not subsequently memorialized in writing. The recollections of the participants to the discussion vary. Mr. Visser and Mr. Miller report that an agreement was reached. Mr. Seibert denies agreeing to a three-day deposition. Mr. Caster, while acknowledging that he does not have "100% total recall," advised the Court that "my recollection is that we were planning a two-day deposition." Based upon

this record, the Court cannot find that Seibert stipulated to a three-day deposition on August 23.

Furthermore, the Court concludes that no agreement was reached at the time the deposition was taken. At the beginning of the second day, Mr. Seibert asked to see a copy of the court order which required him to be there "beyond 7 hours." Mr. Miller responded that he was not going to "interrupt the deposition now to get you a copy of that." To the Court's knowledge, there is no order requiring Seibert to submit to a deposition in excess of seven hours. When Miller suggested that the deposition be suspended and the Court contacted, Seibert said "okay." Following an off-the-record discussion, Miller stated his "understanding" that the deposition would continue into Friday. Seibert responded that "I still raise the objection as to continuing into Friday." While Seibert subsequently made statements inferring that he would return for a deposition on Friday, the Court concludes that they do not rise to a "stipulation" that he would submit to a three-day deposition. Absent a court order or Seibert's stipulation, Seibert was not required to submit to questioning beyond seven hours. FED. R. CIV. P. 30(d)(1).

While it is not relevant to the issue of whether Mr. Seibert stipulated to a deposition beyond seven hours, the Court notes parenthetically that Plaintiffs squandered a significant amount of time during the fourteen hours (including recesses) that Seibert was questioned. For example, Mr. Miller asked Seibert questions regarding the reasons why his marriages had failed and whether he had been faithful to his wife. Questions were also asked regarding the whereabouts and employment of Seibert's stepchildren. Various relevant issues were thoroughly covered, and then covered again.

Because Plaintiffs did not obtain a court order requiring Seibert to submit to a deposition in excess of seven hours, and because the record does not support a finding that Seibert stipulated to a three-day deposition, the Court concludes that Seibert cannot be compelled to submit to further questioning in this case. Plaintiffs' motion to compel Seibert's attendance for a third day of depositions will be denied.

**ORDER**

IT IS THEREFORE ORDERED that the Motion to compel attendance at deposition (docket number 154) filed by the Plaintiffs is **DENIED**.

DATED this 7th day of October, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA