IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

CEDAR RAPIDS LODGE & SUITES,
LLC, *et al.*,

           **Plaintiffs,**

vs.

JFS DEVELOPMENT, INC. (f/k/a
JCS DEVELOPMENT INC.),
JOHN F. SEIBERT, TED VOSBURG,
MARC GABRIELSON, and
LIGHTOWLER JOHNSON
ASSOCIATES, INC.

           **Defendants.**

No. C09-0175

REPORT AND RECOMMENDATION

---

       This matter comes before the Court on the Motion for Sanctions Against Plaintiffs' Attorney Robert H. Miller for Improper Conduct of an Officer of the Court (docket number 166) filed by Defendant John F. Seibert on October 4, 2011; and the Resistance (docket number 179) filed by the Plaintiffs on October 19, 2011.[1] Pursuant to Local Rule 7.c, the issue will be decided without oral argument.

## *I. BACKGROUND FACTS AND PROCEEDINGS*

       This case was initiated nearly two years ago with the filing of a complaint. Briefly stated, Plaintiffs claim that they were induced by Defendant John F. Seibert and others to invest in the development of an AmericInn Motel in Cedar Rapids, Iowa, "through a series of material fraudulent misrepresentations and omissions." The Plaintiffs claim that the project failed as a result of Defendants' fraud, self-dealing, and mismanagement. Seibert's

---

[1] The motion has been referred by the district court to the undersigned magistrate judge for a report and recommendation. *See* Order (docket number 168).

attorneys were permitted to withdraw on December 6, 2010, and Seibert has represented himself since that time.  A jury trial is scheduled for January 17, 2012.[2]

## II. MOTION FOR SANCTIONS

On October 4, 2011, Seibert filed the instant motion for sanctions, asking that the Court revoke attorney Robert Miller's *pro hac vice* admission to practice in the Northern District of Iowa, order Miller to pay Seibert's expenses incurred in attending Seibert's deposition, and report Miller's alleged unethical conduct to the New Hampshire Bar.  The motion appears to state five areas of alleged improper conduct.  The Court will summarize the complaints in the order found in the motion:

First, Seibert claims that Miller took improper actions in response to Seibert's defamation claim against Plaintiff James T. Rymes.[3]  Specifically, Seibert asserts that "[u]nder the direction of the Plaintiffs' attorney, Mr. Miller, the Defendant's primary witness was contacted and an Affidavit from the Defendant's witness was obtained, in which the witness lied."[4]  Seibert provides no proof by affidavit or otherwise, however, in support of his allegation.  Seibert claims in his motion that "[t]his false Affidavit was obtained under the direction of Plaintiffs' counsel," but offers absolutely no evidence to support the allegation.[5]  The motion itself is not sworn to by Seibert, nor is there any indication that Seibert has personal knowledge in this regard.

---

[2] Defendant JFS Development, Inc., is in default.  Defendants Ted Vosburg has filed for bankruptcy protection.  Defendant Mark Gabrielson has been dismissed.  A motion for summary judgment by Defendant Lightowler is pending.

[3] On February 9, 2010, Seibert and JFS Development, Inc. filed an answer and counterclaim, alleging Rymes published defamatory statements concerning Seibert and JFS.  *See* docket number 41.  On January 18, 2011, the Court granted Plaintiffs' unresisted motion for partial summary judgment, and dismissed that portion of the counterclaim alleging defamation.  *See* docket number 98.

[4] *See* Motion for Sanctions (docket number 166) at 2.

[5] *Id.*

Second, Seibert accuses Miller of using "east coast bullying tactics" in setting schedules. Seibert alleges generally that Miller would call to set a schedule and give Seibert only "an unreasonable amount of time" to respond. According to Seibert, Miller knew that he "was uncertain of the process and used every tactic he could to either harass or bully the Defendant into doing what Mr. Miller wanted."[6] Seibert does not cite any examples, however, nor is there any indication that he ever sought relief from the Court.

Third, Seibert complains that Miller "wasted the Court's time needlessly" and "also squandered the Plaintiffs' financial resources by embarking on extensive third-party discovery."[7] Seibert asserts that he "would have worked with Mr. Miller in providing him with the requested information," but Miller's "unprofessional approach, which is unbecoming of an Officer of the Court, has caused an extensive amount of needless waste of time and financial resources on behalf of all the parties."[8]

Fourth, Seibert claims that Miller threatened him with criminal prosecution if Seibert failed to pay for the forensic computer analysis ordered by the Court. According to Seibert, Miller stated that "you will either pay for it or you will be going to jail."[9] Miller also allegedly stated that if "the personal financial statement is not correct that it was a federal crime and that I would be in much more trouble than this lawsuit."[10] Again, the motion for sanctions is not sworn to by Seibert, nor is it supported by affidavit or other evidence.

Fifth, Seibert complains about Miller's "east coast bullying tactics" in scheduling and conducting Seibert's deposition. According to Seibert, he was bullied into submitting

---

[6] *Id.*

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.*

[10] *Id.* While the statement in the motion allegedly attributable to Miller is in quotations, the Court notes that "I" apparently refers to Seibert.

to a lengthy deposition in excess of that required by FEDERAL RULE OF CIVIL PROCEDURE 30. Seibert also claims that he felt "oppressed and harassed" by Miller's questioning. Seibert asserts that Miller "was very disrespectful of the Defendant's time by showing up late for the depositions and not being well prepared."[11] There is no indication, however, that Seibert ever sought relief from the Court.

### III. DISCUSSION

### A. Procedural Defects

Initially, the Court notes that the motion is not supported by a brief, as required by Local Rule 7.d. While the motion refers generally in the introductory paragraph to FEDERAL RULES OF CIVIL PROCEDURE 26 and 30, it otherwise provides no authority in support of Seibert's claim for sanctions. Failure to brief an issue in more than a "perfunctory manner," allows a court to consider the issue waived. *Ramirez v. Debs-Elias*, 407 F.3d 444, 447 n.3 (1st Cir. 2005) (cited with approval in *United States v. Johnson*, 403 F. Supp. 2d 721, 764 (N.D. Iowa 2005)); *Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) ("Since there was no meaningful argument on this claim in his opening brief, it is waived."). The Court has neither the time nor the inclination to perform Seibert's research for him. I respectfully recommend that the motion for sanctions be denied on this ground.

### B. Substantive Failures

Seibert's motion also fails for substantive reasons. Simply put, Seibert offers no evidence to support any of his claims. The motion is not sworn, and Seibert has not offered any affidavits or other evidence to support his allegations.

Seibert claims that Miller suborned perjury in resisting Seibert's counterclaim for defamation, but offers no proof. The Court was not provided with a copy of the witness' affidavit, or evidence that the allegations in the affidavit are false, or, most importantly, that "this false affidavit was obtained under the direction of Plaintiffs' counsel."

---

[11] *Id.* at 5.

Similarly, Seibert claims that Miller threatened him with criminal prosecution, but offers no proof.

Seibert also complains of Miller's "east coast bullying tactics" in setting schedules, conducting discovery, and taking Seibert's deposition.  Even *if* Seibert's allegations are true, the FEDERAL RULES OF CIVIL PROCEDURE afforded him appropriate relief.  At no time did Seibert ever seek the assistance of the Court in addressing his current complaints.

### C. Summary

In summary, Seibert offers no evidence or legal authority to support the relief requested in his motion for sanctions.  Accordingly, the motion should be denied.

### IV.  RECOMMENDATION

For the reasons set forth above, I respectfully recommend that the Motion for Sanctions (docket number 166) filed by Defendant John F. Seibert be **DENIED**.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court.  *The parties are reminded that pursuant to Local Rule 72.1, "[a] party asserting such objections must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections."*

DATED this ___7ᵗʰ___ day of November, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA