# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| CEDAR RAPIDS LODGE & SUITES, LLC et al., | |
| Plaintiffs, | No. 09-CV-175-LRR |
| vs. | **ORDER** |
| JFS DEVELOPMENT, INC., f/k/a JCS DEVELOPMENT, INC., et al., | |
| Defendants. | |

_____

## TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.  PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . *1*

III. RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

IV.  STANDARDS OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

V.   APPLICABLE LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

VI.  OBJECTIONS TO THE REPORT AND RECOMMENDATION . . . . . . . . *7*
    A.   Intent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
    B.   Prejudice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

VII. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

## I. INTRODUCTION

The matters before the court are Plaintiffs' "Motion for Sanctions Against Defendant John F. Seibert for Spoliation of Evidence" ("Motion for Sanctions") (docket no. 136) and Plaintiffs' Objections (docket no. 173) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 160). Judge Scoles recommends that the undersigned deny Plaintiffs' Motion for Sanctions.

## II. PROCEDURAL BACKGROUND

On December 3, 2009, Plaintiffs filed an eighty-seven-page, eighteen-count

Complaint (docket no. 1).  The Complaint arises from the development of an AmericInn hotel ("Hotel") in Cedar Rapids, Iowa.  Plaintiffs allege that Defendants fraudulently induced them to invest in the Hotel and proceeded to mishandle the financing, construction and/or management of the Hotel.  Plaintiffs seek monetary damages and declaratory relief.

Since Plaintiffs filed the Complaint, Defendant Ted Vosburg has filed for bankruptcy, *see* "Notice of Filing of Bankruptcy" (docket no. 132), and the Clerk of Court entered a Default (docket no. 101) against Defendant JFS Development, Inc. ("JFS").  The Plaintiffs have also dismissed their claims against Defendant Marc Gabrielson.  *See* "Stipulation for Dismissal" (docket no. 181).  A jury trial is scheduled to commence before the undersigned in January of 2012.

On December 3, 2009, Plaintiffs mailed a "litigation hold/spoliation letter" to Seibert, which instructed him to "secure and preserve" documents related to the Hotel project.  Pl. Ex. 1 (docket no. 136-1).  On November 15, 2010, Plaintiffs filed a "Motion to Compel Production of Documents" (docket no. 89), which claimed that Seibert's and JFS's initial disclosures were incomplete and that they did not respond to subsequent document requests.  On the morning the parties were scheduled to argue the Motion to Compel Production of Documents, counsel for Seibert and JFS sent Plaintiffs 2600 more pages of documents and stated that there were no other responsive documents.  *See* Pl. Ex. 5 (docket no. 136-5).  On December 6, 2010, Judge Scoles granted the Motion to Withdraw (docket no. 95) that counsel for Seibert and JFS filed.

On January 13, 2011, Plaintiffs filed a "Motion to Compel Production of Defendants [Seibert's] and [JFS's] Computer Systems and Hardware for Inspection and Copying" ("Motion to Compel") (docket no. 96).  On January 27, 2011, Judge Scoles held a hearing on the Motion to Compel.  *See* Minute Entry (docket no. 102).  Robert H. Miller and Kevin J. Visser represented Plaintiffs at the hearing.  Seibert did not appear and was not represented.  On February 1, 2011, Judge Scoles granted the Motion to Compel and

ordered Seibert and JFS to produce their computer systems and hardware for inspection and copying at their expense. *See* Order (docket no. 103). Seibert eventually complied with the Order after some logistical disputes. On February 15, 2011, Plaintiffs filed a "Motion to Compel Access to Documents" (docket no. 104), which Judge Scoles denied, *see* "Ruling on Motion to Compel" (docket no. 113).

On July 28, 2011, Plaintiffs filed the Motion for Sanctions. On August 23, 2011, Judge Scoles held a hearing on the Motion for Sanctions. *See* Minute Entry (docket no. 144). At the hearing, attorneys Miller, Visser and Brian Thomas represented Plaintiffs, Seibert appeared personally and represented himself, and attorney Kevin Caster appeared on behalf of Defendant Lightowler Johnson Associates, Inc. On September 27, 2011, Judge Scoles filed the Report and Recommendation. On October 11, 2011, Plaintiffs filed their Objections. The matter is now fully submitted and ready for decision.

### III. RELEVANT FACTS

In the Motion for Sanctions, Plaintiffs seek a default judgment against Seibert, arguing that he failed to adequately respond to discovery requests and intentionally destroyed evidence. In response to the Motion to Compel, Seibert produced seven computers/laptops, ten internal/external hard drives and twenty-three compact discs for Plaintiffs' forensic computer expert, Rick Stieghorst, to analyze. Stieghorst made copies of the evidence, returned the originals to Seibert and analyzed the copies at a forensic lab. During the analysis, Stieghorst searched the data on the computers and hard drives using search terms and a protocol the parties had previously agreed upon. Stieghorst stated that the search resulted in 34,025 previously undiscovered documents. Pl. Ex. 7 (docket no. 136-7) at ¶ 13.

During the forensic search, Stieghorst noted several issues. First, Stieghorst identified four hard drives that had been connected to Seibert's old laptop and three hard drives that had been connected to another of Seibert's laptops but were not among the

external drives that Seibert produced. *Id.* at ¶¶ 6-7. Additionally, two of the external drives that Seibert produced were too physically damaged to be examined. *Id.* at ¶ 8. Seibert's explanation at the hearing for the missing drives was that an external drive might have been attached during computer repairs, to download information to give to third parties or customers or for an employee's personal use. *See* Hearing Tr. (docket no. 169) at 61-62, 71.

Second, Stieghorst reported that, during a system upgrade on one of Seibert's laptops in May of 2010, all of the laptop's files were moved to temporary folders, and the temporary folders were subsequently deleted when the upgrade was complete. Pl. Ex. 7 at ¶ 19. The analysis showed that many folders that seemed relevant to the Hotel project existed as of the system upgrade in 2010 but were not found on the laptop during the forensic examination on February 16, 2011. *See id.* Seibert indicated at the hearing that the folders may never have contained files if they were created for a potential future property. *See* Hearing Tr. at 65-66.

Third, Stieghorst reported that files in one of the hard drives had been moved to the "Recycle Bin" or permanently deleted the day before the forensic analysis occurred, and he was only able to recover some of the files. *See* Pl. Ex. 7 at ¶ 20. Seibert testified that he had taken his laptop in for repairs, resulting in multiple sets of backup data on the external hard drive from his computer and the computer that the repair store loaned to him. *See* Hearing Tr. at 71-72. Seibert said that he asked the repair store to consolidate the information on the hard drive, and he did not pick up the hard drive until the day before the forensic examination. *Id.*

Fourth, the analysis further revealed that the master folder on another external hard drive was deleted, and, while some of the files were duplicated elsewhere in the information that Seibert produced, other files were not recoverable and could not be found in other locations. *See* Pl. Ex. 7 at ¶ 21. Stieghorst also found "orphaned files" that still existed

on the system but whose parent folders had been deleted, resulting in the files containing only "garbage" data. *Id.* at ¶ 22.

Finally, during a review of Seibert and JFS's emails, Stieghorst found an email with the title "Cedar Rapids" sent to Seibert's employee that was deleted out of the sent mail box the day after it was sent. *Id.* at ¶ 23. Stieghorst testified that he thought this email was likely "targeted to be deleted" because typically the purpose for selectively deleting emails from the sent mail folder is to hide the existence of the email. Hearing Tr. at 59; *see also* Pl. Ex. 7 at ¶ 23.

Plaintiffs state that the forensic analysis recovered "at least 5,196 documents" that Defendants deleted in violation of the litigation hold and that there were potentially thousands of relevant documents that could not be recovered during the analysis. Motion for Sanctions at ¶¶ 17-18; *see also* Pl. Ex. 7 at ¶ 17.

## IV.  STANDARDS OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). It is reversible error for the district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *See Lothridge*, 324 F.3d at 600; *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). However, the court reviews portions of the report and recommendation for which there are no objections for plain error only. *See Griffini v.*

*Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994).

## V.  APPLICABLE LAW

The court has the discretion to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). This discretion includes dismissal of a lawsuit. *Edgar v. Slaughter*, 548 F.2d 770, 772 (8th Cir. 1977) (citing sanctions authorized by Federal Rule of Civil Procedure 37(b)(2)). The power to sanction by dismissal should be used sparingly, however, because "in our system of justice the opportunity to be heard is a litigant's most precious right and should be sparingly denied." *Id.* at 773. "'[T]here is a strong policy favoring a trial on the merits and against depriving a party of his day in court.'" *Id.* at 772 (quoting *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 996 (8th Cir. 1975)). "Such a drastic sanction is typically reserved for the most egregious offenses." *Process Controls Int'l, Inc. v. Emerson Process Mgmt.*, No. 4:10CV645 CDP, 2011 WL 5006220, at *7 (E.D. Mo. Oct. 20, 2011).

Courts have stated that a default judgment is not appropriate unless "a party's 'failure to comply [with discovery] has been due to . . . willfulness, bad faith, or any fault of [the party].'" *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (alteration in original) (quoting *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958)). Dismissal is appropriate for spoliation of evidence when a party's "conduct 'has precluded [the] action [from] being decided on the merits; the jury can no longer weigh conflicting evidence because [defendants have] ensured whatever evidence on certain of defendants' computers that may have been favorable to plaintiff will never see the light of day.'" *Ameriwood Indus., Inc. v. Liberman*, No. 4:06CV524-DJS, 2007 WL 5110313, at *7 (E.D. Mo. July 3, 2007) (quoting *Commc'ns Ctr., Inc. v. Hewitt*, No. Civ.S-03-1968 WBS KJ, 2005 WL 3277983, at *3 (E.D. Cal. April 5, 2005)).

Before the court can sanction a party for spoliation of evidence, "'there must be a

finding of intentional destruction indicating a desire to suppress the truth.'" *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1006 (8th Cir. 2006) (quoting *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 746 (8th Cir. 2004)). "'Intent is rarely proved by direct evidence, and a district court has substantial leeway to determine intent through consideration of circumstantial evidence, witness credibility, motives of the witnesses in a particular case, and other factors.'" *Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007) (quoting *Morris v. Union Pac. R.R.*, 373 F.3d 896, 902 (8th Cir. 2004)).

In addition to intent, a court must find that the destroyed documents prejudiced the opposing party's case. "There must be a finding of prejudice to the opposing party before imposing a sanction for destruction of evidence." *Stevenson*, 354 F.3d at 748 (citing *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 267 (8th Cir. 1993)); *see also Groves v. Cost Planning & Mgmt. Int'l, Inc.*, 372 F.3d 1008, 1010 (8th Cir. 2004) (holding that a district court did not err by "failing to recognize that [the defendant] destroyed documents" where the plaintiff did not show that the destroyed documents would have helped prove her case). "The requisite element of prejudice is satisfied by the nature of the evidence destroyed in th[e] case." *Stevenson*, 354 F.3d at 748 (holding that the district court did not abuse its discretion in sanctioning a defendant for destroying an audio tape when it was the only recording of conversations held at the time of a train accident); *see also Gallagher v. Magner*, 619 F.3d 823, 844 (8th Cir. 2010) (holding that a district court's refusal to grant sanctions was not an abuse of discretion because there was no evidence of intent to destroy and plaintiffs did not sufficiently show that missing emails "would be of a different character than the emails already recovered and produced"), *reh'g denied*, 636 F.3d 380 (8th Cir. 2010), *cert. granted*, 79 U.S.L.W 3494 (U.S. Nov. 7, 2011) (No. 10-1032).

## VI.  *OBJECTIONS TO THE REPORT AND RECOMMENDATION*

Plaintiffs request in the Motion for Sanctions that the court sanction Seibert by entering a default judgment against him for spoliation of evidence. Plaintiffs generally

object to Judge Scoles' conclusion in his Report and Recommendation that Plaintiffs are not entitled to a default judgment. Plaintiffs primarily claim that intent to destroy documents can be inferred if the destruction happened after litigation commenced and that the destruction of evidence prejudiced their case.

### A. Intent

Plaintiffs first argue that it is not necessary for the court to find that Seibert had the intent to destroy evidence with a desire to suppress the truth because the destruction of evidence occurred after Seibert received the litigation hold letter. Plaintiffs rely on *Stevenson*, in which the Eighth Circuit Court of Appeals held that the district court did not abuse its discretion by giving an adverse interest jury instruction for spoliation of evidence. The Eighth Circuit held that "[s]anctioning the ongoing destruction of records during litigation and discovery by imposing an adverse inference instruction is supported by either the court's inherent power or Rule 37 of the Federal Rules of Civil Procedure, even absent an explicit bad faith finding." 354 F.3d at 750. Based on this holding, Plaintiffs argue that if documents are destroyed after litigation has commenced, the intent requirement has been fulfilled.

Given the facts that pertain to Seibert's intent, the *Stevenson* holding does not control. The Eighth Circuit has acknowledged that whether to impose a sanction and which type of sanction to impose is within the district court's discretion.

> To be sure, a district court does not abuse its discretion by imposing sanctions, even absent an explicit bad faith finding, where a party destroys specifically requested evidence after litigation has commenced. *Stevenson*, 354 F.3d at 749-50. However, where a court expressly finds, as here, that there is no evidence of intentional destruction of evidence to suppress the truth, then the district court also acts within its discretionary limits by denying sanctions for spoliation of evidence.

*Gallagher*, 619 F.3d at 845. Furthermore, there is support for declining to extend the *Stevenson* holding to the sanction of dismissal. In *Process Controls International*, the

United States District Court for the Eastern District of Missouri declined to dismiss an action against a party that burned documents after litigation began. 2011 WL 5006220, at *5, *7. The District Court held that a finding of intent to destroy with the desire to suppress the truth was necessary for dismissal and the spoliation at issue was not serious enough to warrant dismissal. *Id*. at *7. The court, citing *Stevenson*, went on to give an adverse inference instruction because the party destroyed evidence after litigation started. *Id*. at *8.

The court agrees with Judge Scoles that the record does not establish that Seibert intentionally destroyed evidence with a desire to suppress the truth. Seibert provided explanations for much of the missing evidence, and Seibert's actions in this case do not rise to the level of actions in cases where courts have found that computer documents were intentionally deleted. *See Ameriwood Indus.*, 2007 WL 5110313, at *3-5 (holding that installing and using computer scrubber software to delete files on multiple computers days before the computers were to be produced was sufficient to establish intentional destruction); *Commc'ns Ctr.*, 2005 WL 3277983, at *1-3 (holding that destruction of evidence was intentional where the defendant installed and used a program called "Evidence Eliminator" to specifically target and delete apparently relevant files and reformatted a hard drive after receiving a court order to produce mirror images of hard drives). Furthermore, the court declines to extend the *Stevenson* holding to the sanction of dismissal in this case. Such a severe sanction is not appropriate without sufficient evidence of intentional destruction of evidence with a desire to suppress the truth.

### B. *Prejudice*

Plaintiffs also argue in their Objections that the documents destroyed were relevant to their claims, and the loss of that evidence was therefore prejudicial to their case. Plaintiffs argue that, where there is a finding of bad faith, relevance and prejudice can be inferred. Plaintiffs incorrectly conclude that Judge Scoles acknowledged bad faith by

Seibert in his Report and Recommendation. Judge Scoles stated that there is evidence that documents were destroyed after Seibert received the litigation hold letter, but that "a stronger showing of bad faith is required" for default judgment. Report and Recommendation at 19. The court agrees that, because there is insufficient evidence that Seibert intentionally destroyed documents, there is no finding of bad faith, and, therefore, the inference of prejudice is not available on these facts.

Plaintiffs also have not shown that the missing files would be different or more helpful to their claims than the significant number of documents that Plaintiffs already have received and recovered. *See Gallagher*, 619 F.3d at 844. Unlike the unique audio tape in *Stevenson*, there is not sufficient proof that the loss of these computer documents is prejudicial to Plaintiffs' case. *See* 354 F.3d at 748. Plaintiffs maintain that the forensic examination did not recover evidence relating to the Hotel project investment prospectus or evidence of negotiations and discussions regarding the draft agreement between the architect and CRLS. Plaintiffs, however, do not present any evidence beyond conjecture that documents relating to these specific aspects of Plaintiffs' claims were deleted. The court therefore agrees with Judge Scoles that the record does not support a finding that the missing evidence would likely support Plaintiffs' claims.

Plaintiffs argue that default is the only sanction that is appropriate under the circumstances of this case. Citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006), Plaintiffs claim that lesser sanctions are not sufficient to remedy the harm caused in cases where documents have been permanently deleted in bad faith. Because the record is not sufficient to support a finding of bad faith the court finds that entering a default judgment is not the appropriate sanction here.

### VII. CONCLUSION

In light of the foregoing, the court finds that, while there is evidence that documents were destroyed after Seibert received the litigation hold letter, there is not sufficient

evidence of intent or prejudice to warrant a default judgment against Seibert. The loss of the destroyed documents in this case does not preclude this action from being tried on the merits. Furthermore, there is a strong public policy in favor of deciding a case on the merits, and Plaintiffs may request an adverse interest instruction at the time of trial.[1]

It is **HEREBY ORDERED THAT**:

(1) Plaintiffs' Objections (docket no. 173) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 160) is **ADOPTED**; and

(3) The Motion for Sanctions (docket no. 136) is **DENIED**.

**DATED** this 29th day of November, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] Plaintiffs request an adverse interest instruction in their Objection, but they did not request it in the Motion for Sanctions. Consequently, the court declines to decide the issue at this time.