**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| CEDAR RAPIDS LODGE & SUITES, LLC et al., <br><br> Plaintiffs, <br><br> vs. <br><br> JFS DEVELOPMENT, INC., f/k/a JCS DEVELOPMENT, INC., et al., <br><br> Defendants. | No. 09-CV-175-LRR <br><br> **ORDER** |

_____

*TABLE OF CONTENTS*

*I.    INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.   RELEVANT BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    *A.    Discovery Phase* . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    *B.    Compliance with Trial Management Order* . . . . . . . . . . . . . . . *4*

*III.  ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
    *A.    Motion for Sanctions* . . . . . . . . . . . . . . . . . . . . . . . *6*
        *1. Default judgment* . . . . . . . . . . . . . . . . . . . . . . . . *7*
        *2. Alternative sanctions* . . . . . . . . . . . . . . . . . . . . . *8*
    *B.    Motion to Continue* . . . . . . . . . . . . . . . . . . . . . . . . *10*

*IV.   CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

*I.    INTRODUCTION*

The matters before the court are Plaintiffs' "Motion for Sanctions Against John Seibert" ("Motion for Sanctions") (docket no. 204) and Defendant John F. Seibert's "Emergency Motion for Enlargement of Pretrial Deadlines and Continuation of Trial Date" ("Motion to Continue") (docket no. 205). In the Motion for Sanctions, Plaintiffs request that the court enter a default judgment against Seibert, arguing that his failure to comply

with the court's "Order Setting Civil Jury Trial, Final Pretrial Conference and Requirements for the Proposed Final Pretrial Order" ("Trial Management Order") (docket no. 56) and his behavior during discovery are sufficient cause for the court to enter a default judgment against him. In the Motion to Continue, Seibert asks the court to continue the trial due to his recent cancer diagnosis.

## II. RELEVANT BACKGROUND

On December 3, 2009, Plaintiffs filed an eighty-seven-page, eighteen-count Complaint (docket no. 1) against Seibert and several other defendants. The Complaint arises from the development of an AmericInn hotel ("Hotel") in Cedar Rapids, Iowa. Plaintiffs are investors in Cedar Rapids Lodge and Suites, LLC ("CRLS"), a limited liability company that owns the Hotel. In the Complaint, Plaintiffs allege that the former governors of the Hotel fraudulently induced them to invest in the Hotel and proceeded to mishandle the financing, construction and/or management of the Hotel. Seibert was the president of CRLS until Plaintiffs took over control in 2008.

### A. Discovery Phase

On October 29, 2010, Seibert's counsel filed a "Motion of Attorneys Representing John Seibert and JFS Development, Inc. to Withdraw as Counsel" ("Motion to Withdraw") (docket no. 86) due to Seibert's failure to pay fees and/or expenses. *See* Motion to Withdraw at 1. On November 29, 2010, United States Magistrate Judge Jon S. Scoles granted the Motion to Withdraw. *See* Order (docket no. 95) at 6. Judge Scoles strongly encouraged Seibert "to promptly obtain substitute counsel" and informed Seibert that, "'[i]n general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure.'" *Id.* at 6 n.1 (quoting *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996)).

On January 13, 2011, Plaintiffs filed a "Motion to Compel Production of Defendants John F. Seibert's and JFS Development, Inc.'s Computer Systems and

2

Hardware for Inspection and Copying" ("Motion to Compel Production of Computers") (docket no. 96) to recover documents that Plaintiffs believed Seibert had not produced during initial disclosures and subsequent requests for production. On February 1, 2011, Judge Scoles granted the Motion to Compel Production of Computers and ordered Seibert to pay for the computer examination. *See* Order (docket no. 103) at 1. On February 16, 2011, Plaintiffs filed a "Motion for Sanctions for Failure to Comply with a Court Order . . . or to Specifically Cooperate in Discovery and Permit Disclosure" ("Motion for Sanctions for Failure to Comply with a Court Order") (docket no. 105), arguing that Seibert violated the Order granting the Motion to Compel Production of Computers by, among other things, refusing to allow Plaintiffs to conduct the computer examination at his place of business. On the same day, Judge Scoles denied the Motion for Sanctions for Failure to Comply with a Court Order. *See* Order (docket no. 108) at 1.

On July 28, 2011, Plaintiffs filed a "Motion for Contempt of Court Against Defendant John F. Seibert" ("Motion for Contempt") (docket no. 135) asking the court to hold Seibert in contempt for failing to pay for the computer examination. On the same day, Plaintiffs filed a "Motion for Sanctions Against John F. Seibert for Spoliation of Evidence" ("Motion for Sanctions for Spoliation") (docket no. 136), claiming that Seibert intentionally withheld and destroyed documents in violation of a court order and requesting a default judgment against Seibert. On September 1, 2011, Judge Scoles recommended in his Report and Recommendation (docket no. 146) that the court grant the Motion for Contempt. On October 3, 2011, the undersigned adopted Judge Scoles's Report and Recommendation and granted the Motion for Contempt, finding that Seibert had violated the court's order. *See* Order (docket no. 164). On September 27, 2011, Judge Scoles recommended in his Report and Recommendation (docket no. 160) that the court deny the Motion for Sanctions for Spoliation. On November 29, 2011, the undersigned adopted Judge Scoles's Report and Recommendation and denied the Motion for Sanctions for

3

Spoliation, concluding that there was not sufficient evidence of intentional spoliation or prejudice to Plaintiffs to enter a default judgment. *See* Order (docket no. 192) at 10-11.

On September 23, 2011, Plaintiffs filed a "Motion for Order Compelling Defendant John F. Seibert to Attend the Final Day of His Agreed-Upon Deposition" ("Motion to Compel Deposition") (docket no. 154) after Seibert left the room during the third day of his deposition. On October 7, 2011, Judge Scoles denied the Motion to Compel Deposition, concluding that there was not sufficient evidence that Seibert stipulated to a three-day deposition. *See* Order (docket no. 171) at 6-7.

### B. *Compliance with Trial Management Order*

On April 15, 2010, the court issued the Trial Management Order. The Trial Management Order requires parties to exchange witness and exhibit lists at least 21 days before the final pretrial conference ("FPTC"), exchange proposed jury instructions and verdict forms at least 15 days before the FPTC, consult with each other regarding proposed jury instructions and verdict forms at least 7 days before the FPTC and jointly prepare a proposed final pretrial order to submit to the court before the FPTC. On March 22, 2011, the court continued the trial date to January 17, 2012, and set the FPTC for December 15, 2011. *See* Order (docket no. 114).

On December 8, 2011, the undersigned held a status conference with the parties during which Plaintiffs informed the court that Seibert was not participating in pretrial document preparations. *See* Status Conference Minutes (docket no. 201). During the status conference, Seibert responded that he was unable to defend himself, he could not afford an attorney and he was planning to file for bankruptcy. The court understood Seibert's statements to be an admission that he was not planning to defend against Plaintiffs' claims. The court informed Seibert that until he files for bankruptcy, he is not protected from participating in the instant action, and he must comply with all court orders.

4

On December 9, 2011, Plaintiffs filed the Motion for Sanctions. In the Motion for Sanctions, Plaintiffs state that, during preparations for the FPTC scheduled for December 15, 2011, Seibert failed to provide witness and exhibit lists, provide jury instructions or participate in discussions regarding the final pretrial order by the deadlines stated in the Trial Management Order. In support of the Motion for Sanctions, Plaintiffs provide evidence of several attempts by Plaintiffs' attorneys to contact Seibert regarding the Trial Management Order deadlines. *See* Plaintiffs' Ex. 1 (docket no. 204-2). Seibert did not respond to Plaintiffs' communications.

On December 22, 2011, Seibert filed the Motion to Continue, stating that he had recently been diagnosed with an aggressive form of cancer. In the Motion to Continue, Seibert requests that the court continue the trial so that he can have a necessary surgery during the time period scheduled for trial and undergo additional treatment without the stress of trial. In support of the Motion to Continue, Seibert provided a letter from his doctor stating that Seibert should avoid the stress of trial until after he has healed from surgery. *See* Defendant's Ex. A ("Def. Ex. A") (docket no. 205-1) at 1.

On the same date, Seibert also filed a Resistance (docket no. 207) to the Motion for Sanctions. In the Resistance, Seibert maintains that he had no knowledge of the Trial Management Order or the deadlines contained therein. Seibert also argues that he told Plaintiffs' attorney, Robert Miller, that he did not plan to present any witnesses and did not anticipate having any objections to Plaintiffs' evidence, and, therefore, his failure to comply with the Trial Management Order did not prejudice Plaintiffs. Seibert further argues in both the Resistance and the Motion to Continue that his failure to comply with the deadlines was due in part to numerous tests and physician visits during November and December of 2011. Also on December 22, 2011, Plaintiffs filed a Resistance (docket no. 208) to the Motion to Continue, arguing that Seibert did not disclose his health problems as a reason for failing to meet pretrial deadlines during the December 8, 2011, status

5

conference. Plaintiffs further argue that, given Seibert's history of delay and the late request for a continuance, continuing the trial will prejudice Plaintiffs.

On December 29, 2011, the undersigned held a hearing on the Motion to Continue. *See* Hearing Minutes (docket no. 210). During the hearing, Seibert stated that he did not disclose his medical condition during the December 8, 2011, status conference because he did not think that the tests he was undergoing would reveal any significant illness. He also repeated his earlier intention to file for bankruptcy. Plaintiffs argued during the hearing that, to avoid Seibert experiencing the stress of trial, the court should grant the Motion for Sanctions and enter a default judgment since Seibert already admitted during the status conference that he was not planning to present a defense to Plaintiffs' claims. The court stated during the hearing that it found no connection between Seibert's illness and his failure to comply with the deadlines in the Trial Management Order. The matters are now fully submitted and ready for decision.

## III. ANALYSIS

The court will first consider the Motion for Sanctions. The court will determine whether a default judgment is warranted or whether a lesser sanction will be sufficient to redress Plaintiffs' harm. The court will then consider the Motion to Continue.

### *A. Motion for Sanctions*

In the Motion for Sanctions, Plaintiffs request that the court enter a default judgment against Seibert for failing to comply with a court order. The Federal Rules of Civil Procedure give the court the power to sanction a party for failure to comply with court orders. Under Federal Rule of Civil Procedure 16, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f); *see also Firefighter's Inst. of Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 902 (8th Cir. 2000) (noting that district courts can impose sanctions on a

party for failing to meet a deadline for disclosing evidence). Under Rule 37, available sanctions include: (1) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; and (2) "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(ii), (vi).

### *1. Default judgment*

"[T]he entry of a default judgment . . . [is] committed to the sound discretion of the district court." *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). "Default judgments, however, are not favored by the law." *Id.*; *see also Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) ("The entry of default judgment should be a 'rare judicial act.'" (quoting *Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir. 1977))). "Where . . . the drastic sanctions of dismissal or default are imposed, the range of discretion is more narrow and the losing party's noncompliance must be due to willfulness or bad faith." *Savola v. Webster*, 644 F.2d 743, 745-46 (8th Cir. 1981). "Default judgment is appropriate where the party against whom the judgment is sought has engaged in willful violations of court rules, contumacious conduct, or intentional delays. However, default judgment is not an appropriate sanction for a marginal failure to comply with time requirements." *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (quoting *Ackra Direct Mktg. Corp.*, 86 F.3d at 856) (internal quotation marks omitted).

After considering all of the relevant facts and circumstances, the court concludes that a default judgment is not the appropriate sanction in the instant case. Seibert violated the court's Trial Management Order by failing to adhere to the deadlines contained therein, but there is not sufficient evidence that Seibert's failure to adhere to deadlines was the product of bad faith or willfulness necessary to warrant a default judgment. Furthermore, although the parties had an acrimonious relationship throughout the discovery phase of the

7

case, the record does not show a pattern of willfulness or bad faith by Seibert sufficient to warrant a default judgment. The court denied Plaintiffs' Motion for Sanctions for Spoliation because there was not sufficient evidence of intent or bad faith. Additionally, Judge Scoles denied the Motion to Compel Deposition because it was not clear that Seibert had agreed to be deposed for a third day. While the court held Seibert in contempt for not paying Plaintiffs pursuant to Judge Scoles's Order granting the Motion to Compel Production of Computers, Seibert's intent was not a factor in the analysis. *See* Order (docket no. 164) at 5. Therefore, the record before the court does not show violations that rise to the serious level required for a default judgment. Additionally, default judgments are disfavored in the law and should be rarely used. *See Comiskey*, 989 F.2d at 1009. Thus, the court declines to enter a default judgment against Seibert.

### 2. *Alternative sanctions*

While the court declines to enter a default judgment against Seibert, the court finds that preventing Seibert from presenting witnesses and exhibits not previously shared with Plaintiffs in compliance with the Trial Management Order is the appropriate sanction in the instant case. "Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: to serve the just, speedy, and inexpensive determination of every action." *McGraw v. Wachovia Secs., LLC*, No. C08-2064, 2009 WL 3233485, at *4 (N.D. Iowa Oct. 6, 2009) (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)) (internal quotation marks omitted). "The power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential to the judge's control over the case." *Boardman v. Nat'l Med. Enters.*, 106 F.3d 840, 843 (8th Cir. 1997) (quoting *Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 897-98 (8th Cir. 1978)) (internal quotation marks omitted). "A district court may exclude from evidence at trial any matter which was not properly disclosed in compliance with the [c]ourt's pretrial order." *Nissen v. Johnson*, No. CIV. 09-4166-KES,

2011 WL 5006507, at *1 (D.S.D. Oct. 20, 2011) (quoting *Life Plus Int'l v. Brown*, 317 F.3d 799, 803 (8th Cir. 2003)) (internal quotation marks omitted).

The court notes that "'the exclusion of evidence is a harsh penalty and should be used sparingly.'" *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (quoting *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir. 1995)). The court finds, however, that exclusion of evidence is the appropriate sanction under the circumstances. Seibert has failed to provide adequate justification for his failure to comply with the Trial Management Order deadlines. Seibert's claim that he was not aware of the deadlines in the Trial Management Order is not persuasive. At the time the Trial Management Order was issued, Seibert was represented by counsel and his attorneys received notice of the order. Once he began representing himself, Seibert was reminded numerous times that he would be held to the same standards as an attorney, and Seibert himself acknowledged during the December 29, 2011, hearing that his ignorance of the deadlines was no excuse for failing to comply with them. Furthermore, the court found during the hearing that Seibert's medical condition did not impact his ability to comply with the Trial Management Order. Finally, although Seibert maintains that he will file for bankruptcy, he has not yet done so. As the court explained to Seibert during both the December 8, 2011, status conference and the December 29, 2011, hearing, there is no protection against the instant action moving forward until he files for bankruptcy, and nothing exempts him from complying with all of the requirements that the court imposes. The court acknowledges that Seibert is proceeding pro se in the instant action, but "*pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Mktg. Corp.*, 86 F.3d at 856.

Additionally, Seibert has stated that he does not intend to present witnesses or exhibits in defense of the claims against him. The court is "not aware of any authority which would require the [c]ourt to plead, persuade, or cajole a party, into participating in

9

litigation." *Anderson v. United States*, No. 07-2619 (DWF/RLE), 2008 WL 4346497, at *5 (D. Minn. Sept. 17, 2008). Thus, the court concludes that a lesser sanction would be ineffective for the purposes of persuading Seibert to comply with the court order and participate in pretrial preparations. *See id.* at *5 (stating that a lesser sanction than excluding evidence would be ineffective in persuading the defendant to present a defense when the defendant had failed to respond to discovery or otherwise participate in the action). Because Seibert has failed to participate in pretrial document preparation, it would be prejudicial to Plaintiffs if Seibert attempted at a future date to present evidence without exchanging the information with Plaintiffs as required in the Trial Management Order. Therefore, Seibert may not introduce any witnesses or exhibits during trial that he did not disclose to Plaintiffs in compliance with the Trial Management Order.[1]

### B. Motion to Continue

In the Motion to Continue, Seibert requests that the court continue the trial date and pretrial deadlines for at least 120 days due to his recent cancer diagnosis. Seibert states that his doctor advised him to limit stress prior to surgery, and, in a letter to Seibert, his doctor advised him that he should "avoid the stress of trial until ninety (90) days after surgery." Def. Ex. A at 1. In light of Seibert's serious and potentially life-threatening diagnosis, the court finds that it is appropriate to continue the trial so that Seibert can undergo any and all treatments that he and his doctor deem necessary.

### IV. CONCLUSION

In light of the foregoing, the court declines to enter a default judgment against

---

[1] The court notes that Federal Rule of Civil Procedure 16 states: "Instead of or in addition to any other sanction, the court must order the party . . . to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). The court finds that the facts and circumstances of this case do not warrant an award of expenses.

Seibert. The court does, however, sanction Seibert by preventing him from presenting any witnesses or exhibits not previously shared with Plaintiffs in compliance with the court's Trial Management Order. The court also continues the trial in light of Seibert's cancer diagnosis.

It is hereby **ORDERED**:

(1) Plaintiffs' Motion for Sanctions (docket no. 204) is **GRANTED IN PART** and **DENIED IN PART**. Defendant Seibert may not present any witnesses or exhibits during the trial that were not previously shared with Plaintiffs in compliance with the Trial Management Order.

(2) Defendant Seibert's Motion to Continue (docket no. 205) is **GRANTED**. A jury trial in the above-entitled matter is scheduled for **the two-week period beginning June 11, 2012**. The final pretrial conference in the above matter is set for **May 17, 2012, at 3:00 p.m.** central time before the undersigned, Courtroom 1/Bldg. B, 4200 C Street SW, Cedar Rapids, Iowa. All deadlines in the Court's Scheduling Order and Discovery Plan (docket no. 55) remain unchanged.

**DATED** this 18th day of January, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA