## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

|  |  |
|---|---|
| CEDAR RAPIDS LODGE & SUITES, LLC et al., | |
| Plaintiffs, | No. 09-CV-175-LRR |
| vs. | **ORDER** |
| JFS DEVELOPMENT, INC., f/k/a JCS DEVELOPMENT, INC., et al., | |
| Defendants. | |

———————————

## *I. INTRODUCTION*

The matter before the court is Plaintiff Cedar Rapids Lodge & Suites's ("CRLS") "Motion for Reconsideration and to Certify Questions of Law to Iowa Supreme Court" ("Motion to Reconsider ") (docket no. 214).

## *II. PROCEDURAL AND FACTUAL HISTORY*

On December 3, 2009, Plaintiffs filed an eighty-seven-page, eighteen-count Complaint (docket no. 1) against multiple defendants. CRLS brought a negligence claim against Lightowler Johnson Associates Development, Inc. ("Lightowler") in Count VII. On July 15, 2011, Lightowler filed a Motion for Summary Judgment (docket no. 133). On January 6, 2012, after extensive briefing and oral argument, the court granted the Motion for Summary Judgment. *See* Order ("Summary Judgment Order") (docket no. 212). On January 13, 2012, CRLS filed the Motion to Reconsider. On January 30, 2012, Lightowler filed a Resistance (docket no. 219), and on February 1, 2012, CRLS filed a Reply (docket no. 220). The matter is now fully submitted and ready for decision.

The court incorporates the facts from the Summary Judgment Order. *See* Summary Judgment Order at 6-12.

## III.  ANALYSIS

In the Motion to Reconsider, CRLS asks the court to vacate the Summary Judgment Order and certify two questions of law to the Iowa Supreme Court.  CRLS  maintains that the court erred in applying the North Dakota statute of limitations with respect to its claim against Lightowler.  The two questions CRLS asks the court to certify to the Iowa Supreme Court are:

> [(1)]  In the context of an ongoing construction project wherein a design professional's duties have not terminated, when does an owner's cause of action against a design professional accrue?
>
> [(2)]  Does Iowa apply the doctrine of adverse domination to toll the limitations period against a defendant where the entity to which the cause of action belongs is controlled or dominated by a wrongdoer?  If so, would the doctrine of adverse possession also toll the statute of limitations on claims held by the entity against third parties?

Motion to Reconsider at 2.

### A.  Procedural Defects

At the outset, the court notes that CRLS did not properly file the Motion to Reconsider.  "[A]ggrieved parties . . . should not file motions labeled 'motion for reconsideration' in federal district court.  The Federal Rules of Civil Procedure do not provide for such a motion.  Instead, the motion should be properly designated under the rule authorizing the motion, such as [Federal Rule of Civil Procedure] . . . 59." *Wilson v. Runyon*, 981 F.2d 987, 989 (8th Cir. 1992) (quoting *Sanders v. Clemco Indus.*, 862 F.2d 161, 170 (8th Cir. 1988)).  CRLS did not properly bring the Motion to Reconsider under the Federal Rules of Civil Procedure.

Furthermore, had CRLS filed the Motion to Reconsider under the proper rule, neither Federal Rule of Civil Procedure 59 nor Federal Rule of Civil Procedure 60 would afford CRLS the relief it seeks.  "A district court has broad discretion in determining

2

whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Innovative Home Health Care v. P.T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). CRLS does not provide any new evidence or arguments in the Motion to Reconsider, and the court declines to relitigate matters that have already been extensively reviewed.

Furthermore, "'[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate [its] claim and have prevented the moving party from receiving adequate redress.'" *InVision Architecture, LTD. v. Anderzhon*, No. 11-CV-2001-LRR, 2011 WL 3295427, at *5 (N.D. Iowa Aug. 1, 2011) (quoting *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)). The Motion for Summary Judgment was fully briefed, and the court allowed CRLS to file a Supplemental Resistance. Additionally, the court heard oral argument regarding the Motion for Summary Judgment. Thus, CRLS had a full and fair opportunity to litigate its claim, and, therefore, relief is not available under Rule 60.

### B. Merits

The Motion to Reconsider also fails on the merits. At the outset, the court notes that it has reviewed the Summary Judgment Order and reaffirms the conclusions therein.

#### 1. Application of North Dakota Law

CRLS contends that the court erred in applying the North Dakota statute of limitations with respect to its negligence claim against Lightowler. Although CRLS labeled its action as a negligence claim, the court finds that CRLS's claim against

Lightowler is contractual in nature.  *See Determan v. Johnson*, 613 N.W.2d 259, 264 (Iowa 2000) (holding that a claim for defects in a home's construction was contractual in nature, stating, "When a buyer loses the benefit of his bargain because the goods are defective . . . he has his contract to look to for remedies.  Tort law need not, and should not, enter the picture." (quoting *Nelson v. Todd's Ltd.*, 426 N.W.2d 120, 124 (Iowa 1988)) (internal quotation marks omitted)).  CRLS's claim against Lightowler stems from Lightowler's duties under the contract and Lightowler's alleged failures to adequately provide contracted-for services.  Thus, CRLS's claim is the type that "the parties could have resolved by an explicit provision in their agreement directed to that issue," Restatement (Second) of Conflict of Laws § 187(1), and the choice of law provision in the contract dictates that North Dakota law applies to CRLS's claim.

Additionally, although CRLS's claim is contractual, the two-year North Dakota malpractice statute of limitations applies in this case.  *See Beaudoin v. S. Tex. Blood & Tissue Ctr.*, 676 N.W.2d 103, 107 (N.D. 2004) ("While any alleged professional malpractice may be framed generally in either tort or contract theory, [i]n a malpractice case, the malpractice statute of limitations controls over statutes of limitations applicable to contract or other tort actions." (alteration in original) (quoting *Johnson v. Haugland*, 303 N.W.2d 533, 539 n.4 (N.D. 1981), and *Jilek v. Berger Electric, Inc.*, 441 N.W.2d 660, 661 (N.D. 1989)) (internal quotation marks omitted)).  Finally, even if the North Dakota statute of limitations is not applicable to CRLS's claim, the Iowa statute of limitations still bars the action.  *See* Summary Judgment Order at 22.

### 2.     *Certification to the Iowa Supreme Court*

CRLS asks the court to certify two state law questions to the Iowa Supreme Court.  The Local Rules allow the court to certify a question of state law to the highest appellate court of the state "[w]hen a question of state law may be determinative of a cause pending."  LR 83.  "The question of certification is committed to the sound discretion of

the district court . . . ." *Allstate Ins. Co. v. Steele*, 74 F.3d 878, 881 (8th Cir. 1996).

First, the court finds that it is not appropriate for CRLS to request certification because the case against Lightowler has been decided. *See Jung v. Gen. Cas. Co. of Wis.*, 651 F.3d 796, 801 (8th Cir. 2011) (upholding the district court's denial of certification after summary judgment and stating that the Eighth Circuit Court of Appeals "generally [does] not allow certification after a case has been decided"); *see also Rural Water Sys. No. 1 v. City of Sioux Center*, 202 F.3d 1035, 1037 n.6 (8th Cir. 2000) (denying a motion for certification and stating that parties "should be discouraged from the practice of asking for certification after an adverse judgment has been rendered").

Second, certifying CRLS's first question would not be determinative. Because North Dakota law governs this dispute, clarification of Iowa law regarding the accrual of CRLS's claim would not determine the outcome of this action. Even if the Iowa Supreme Court provided guidance regarding when CRLS's action accrued, that guidance would not impact the court's analysis of North Dakota's two-year statute of limitations. It is undisputed that the Hotel was completed in December of 2004, and, consequently, the two-year North Dakota statute of limitations bars CRLS's claim against Lightowler. Finally, the accrual question that CRLS proposes is not appropriate for certification because it is overly broad and does not articulate a specific question of law for the Iowa Supreme Court to decide. *See Eley v. Pizza Hut of Am., Inc.*, 500 N.W.2d 61, 63 (Iowa 1993) (holding that a question of law must "be framed in a way that is susceptible of adjudication by way of a pronouncement as to what the law is." (quoting *W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 811 P.2d 627, 630 (Or. 1991))). As it is currently worded, Plaintiff's accrual question requires the Iowa Supreme Court to make factual determinations outside the scope of its power to answer certified questions. *See Wright v. Brooke Grp. Ltd.*, 652 N.W.2d 159, 170 n.1 (Iowa 2002) (declining to answer questions that are "questions of fact or require factual determinations" because Iowa Code § 684A.1

limits the Iowa Supreme Court to answering certified questions of law); *see also Bituminous Cas. Corp. v. Sand Livestock Sys., Inc.*, 728 N.W.2d 216, 222 (Iowa 2007) (declining to address an argument regarding a certified question because "[t]he applicability of the doctrine of reasonable expectations is a question of fact that is not within the scope of [Iowa Code §] 684A"). Because the language of the accrual question proposed by CRLS does not specify a discrete question of law and because it appears to be outside the scope of Iowa Code § 684A, certification is not warranted. For the above reasons, the court declines to certify CRLS's first proposed question.

Third, CRLS's second proposed question would not be determinative of the outcome in this case. Again, because North Dakota law controls this dispute, a determination of Iowa law regarding the adverse domination doctrine would not determine the outcome of this action. Additionally, even if the Iowa Supreme Court determined that Iowa would apply the adverse domination doctrine to claims against third parties, there would still be an issue of whether the adverse domination doctrine would apply to third parties not involved in the wrongful domination. *See Anderson v. Hess Corp.*, 649 F.3d 891, 895 (8th Cir. 2011) (affirming a district court's decision to decline certification where the proposed question was not determinative because it did not address the "proper issue" in the case). Therefore, the court declines to certify CRLS's second proposed question.

Finally, having considered all of the factors relevant to certification of questions of law to state courts, the court finds that the factors weigh against certification. *See Lampman v. Ternus*, No. C10-3025-MWB, 2011 WL 4818537, at *2 (N.D. Iowa Oct. 11, 2011) (listing factors to be considered in deciding whether to certify questions to state courts). This case has been ongoing for over two years, and it would be prejudicial to Lightowler to certify these questions of law to the Iowa Supreme Court when the court has already decided the merits of this action.

## *IV.  CONCLUSION*

For the foregoing reasons, the Motion to Reconsider (docket no. 214) is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 14th day of February, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA