# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| CEDAR RAPIDS LODGE & SUITES, LLC et al., | |
| Plaintiffs, | No. 09-CV-175-LRR |
| vs. | **ORDER** |
| JFS DEVELOPMENT, INC., f/k/a JCS DEVELOPMENT, INC., et al., | |
| Defendants. | |

_____

The matter before the court is Plaintiff Cedar Rapids Lodge & Suites, LLC's ("CRLS") "Motion for Default Judgment Against JFS Development, Inc." ("Motion for Default Judgment") (docket no. 199). On January 26, 2011, Plaintiff filed a Motion for Default Entry, which the Clerk of Court granted on January 27, 2011. The court incorporates the factual and procedural background from its January 4, 2012, Order (docket no. 211) regarding the Motion for Default Judgment.

On February 13, 2012, the undersigned held an evidentiary hearing to determine damages. Kevin Visser and Robert Miller appeared on behalf of CRLS, and Defendant JFS Development, Inc. ("JFS") did not appear. Victoria Richman testified on behalf of Plaintiff as an expert in hotel management and stated that she analyzed the financial documents for the AmericInn hotel ("Hotel") owned and operated by CRLS. Richman testified that, after analyzing the Hotel's financial documents and comparing the Hotel's performance to similar hotels in the same market, CRLS suffered $894,993[1] in lost

---

[1] The court notes that, after reviewing Richman's calculations, the total amount of lost revenue is $894,994. Because this is an insignificant difference, the court will adhere to the amount CRLS requests.

revenue between 2005 and 2008. *See* Plaintiff's Hearing Exhibit 10. Additionally, Richman testified that CRLS owes AmericInn $83,898.39 in interest charges that accrued on outstanding balances during the time period before new management took over. The basis for the unpaid interest amount is a letter from AmericInn to CRLS enumerating CRLS's outstanding balances. *See* Plaintiff's Hearing Exhibit 4. Richman testified that, if CRLS does not pay its outstanding balances to AmericInn, including the interest charges, AmericInn will likely remove its brand name from the Hotel. During the hearing, Miller stated that CRLS is no longer seeking to recover management fees as damages under Count VI of the Complaint. *See* Motion for Default Judgment at 2.

After thoroughly reviewing the record, the court finds it appropriate to grant CRLS the relief it seeks. JFS is in default because it has failed to appear. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) ("[T]he law does not allow a corporation to proceed *pro se*."). When a defendant is in default, its "liability to the plaintiff is deemed established and the plaintiff is not required to establish [its] right to recover." *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973). "When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding" by a preponderance of the evidence. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). "If it is speculative and uncertain whether damages have been sustained, recovery is denied. If the uncertainty lies only in the amount of damages, recovery may be had if there is proof of a reasonable basis from which the amount can be inferred or approximated." *Tredrea v. Anesthesia & Analgesia, P.C.*, 584 N.W.2d 276, 288 (Iowa 1998) (quoting *Orkin Exterminating Co. (Arwell Div.) v. Burnett*, 160 N.W.2d 427, 430 (Iowa 1968)).

The court finds that CRLS has proven by a preponderance of the evidence that it

is entitled to recover $894,993 in lost revenue and $83,898.39 in interest charges as damages. Because JFS is in default, the court finds that CRLS's allegations against JFS in Count VI are true. *See Brown*, 477 F.2d at 531. In the Complaint, CRLS asks the court to enter judgment in favor of CRLS pursuant to Count VI "in the amount of all damages sustained by the Plaintiffs as a result of [JFS's] mismanagement . . . [and] interest." Complaint (docket no. 1) at 83. The court finds that, although CRLS sought a different damages amount in the Motion for Default Judgment than it proved at the evidentiary hearing, the amount proved at the evidentiary hearing does not differ in kind from the relief sought in the Complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The court further finds that Richman's testimony regarding her financial analysis and the letter from AmericInn are reasonable bases from which to determine CRLS's damages. *See Tredrea*, 584 N.W.2d at 288; *cf. Ballard v. Amana Soc'y, Inc.*, 526 N.W.2d 558, 561 (Iowa 1995) (finding that expert testimony estimating a farm's lost profits using the farm's actual data and budget estimates from Iowa State University provided a reasonable basis for determining lost profits).

In light of the foregoing, the Motion for Default Judgment (docket no. 199) is **GRANTED**. The Clerk of Court is **DIRECTED** to **ENTER JUDGMENT** in favor of CRLS and against JFS in the amount of $978,891.39.

**IT IS SO ORDERED**.

**DATED** this 5th day of March, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA