### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

CEDAR RAPIDS LODGE & SUITES,
LLC et al.,

           Plaintiffs,

vs.

JFS DEVELOPMENT, INC., f/k/a JCS
DEVELOPMENT, INC., et al.,

           Defendants.

No. 09-CV-175-LRR

**ORDER**

_____

## I.  INTRODUCTION

The matter before the court is Plaintiffs' "Motion for Entry of Default Against Defendant John F. Seibert" ("Motion for Default Judgment") (docket no. 255).

## II.  PROCEDURAL HISTORY AND RELEVANT FACTS

On December 3, 2009, Plaintiffs filed an eighty-seven-page, eighteen-count Complaint (docket no. 1).  The Complaint arises from the development of an AmericInn hotel ("Hotel") in Cedar Rapids, Iowa.  Plaintiffs are investors in Cedar Rapids Lodge and Suites, LLC ("CRLS"), a limited liability company that owns the Hotel.  In the Complaint, Plaintiffs allege that the former governors of the Hotel fraudulently induced them to invest in the Hotel and proceeded to mishandle the financing, construction and/or management of the Hotel.

Defendant John F. Seibert was an original CRLS governor.  In the Complaint, Plaintiffs name Seibert as a defendant in Counts 1 through 5 and 8 through 18, asserting RICO violations, prayers for equitable relief, fraud, negligent misrepresentation, violations of the Iowa Consumer Fraud Act, breach of fiduciary duty and/or omission and waste.  On July 20, 2010, Seibert filed an Amended Answer (docket no. 78) to the Complaint.

On August 20, 2012, Seibert emailed a letter to the court indicating that he would not be attending either the final pretrial conference scheduled for August 22, 2012 or the trial scheduled for September 17, 2012.  *See* Notice (docket no. 253).  Seibert did not appear at the final pretrial conference on August 22, 2012, and he did not make any attempt to contact the court on that date or appear by telephone.  On August 23, 2012, Plaintiffs filed the Motion for Default Judgment.  On August 24, 2012, the Clerk of Court entered a default against Seibert.  *See* Order (docket no. 256).  The court finds that it is unnecessary to wait for Seibert to respond to the Motion for Default Judgment.

### III.  ANALYSIS

The Clerk of Court entered a default against Defendant pursuant to Federal Rule of Civil Procedure 55(a).  "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n.2 (8th Cir. 1997). Pursuant to Federal Rule of Civil Procedure 55(b), a default judgment may be entered as follows:

> (1)  By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2)  By the Court. In all other cases, the party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A)  conduct an accounting;
> (B)  determine the amount of damages;
> (C)  establish the truth of any allegation by evidence; or

(D)     investigate any other matter.

Fed. R. Civ. P. 55(b).

"'[W]hen a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true.'" *In re Catt*, 368 F.3d 789, 793 (8th Cir. 2004) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)); *see also Greyhound Exhibitgroup*, *Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). "'The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *In re Catt* 368 F.3d at 793 (quoting *Credit Lyonnais Sec.*, 183 F.3d at 155); *see also Oberstar v. Fed. Deposit Ins. Corp.*, 987 F.2d 494, 505 n.9 (8th Cir. 1993) ("[I]n civil litigation between private parties, a party entitled to judgment by default is required to prove the amount of damages that should be awarded.").

"[A] default judgment cannot be entered until the amount of damages has been ascertained." *DIRECTV, Inc. v. Meyers*, 214 F.R.D. 504, 510 (N.D. Iowa 2003) (quoting *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000)) (internal marks omitted). "[I]f the judgment sought is not for a sum certain, Rule 55(b)(2) provides that 'the court may conduct such hearings or order such references as it deems necessary and proper' in order to 'enable the court to enter judgment.'" *Id.* (quoting Fed. R. Civ. P. 55(b)(2)).

In the instant action, Seibert notified that court that he would not participate in either the final pretrial conference or the upcoming trial and subsequently failed to appear at the final pretrial conference. The Clerk of Court subsequently entered a default against Seibert. The court shall hold an evidentiary hearing to determine the damages amount to which Plaintiffs are entitled, and the court shall reserve ruling on the Motion for Default

Judgment until after the hearing.  *See DIRECTV*, 214 F.R.D. at 510.

### IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED**:

(1)    The court **RESERVES RULING** on the Motion for Default Judgment (docket no. 255); and

(2)    An evidentiary hearing on the issue of damages to be awarded from John Seibert to Plaintiffs will be held on **Thursday, September 27, 2012, at 8:00 a.m.** <u>central time</u> before the undersigned in **Courtroom 1**/Bldg. B, 4200 C Street SW, Cedar Rapids, Iowa.  Because evidence will be presented, telephonic participation by counsel or pro se parties will not be permitted.

**DATED** this 28th day of August, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA